*Fairfield,*
June, 1839.
———
Beers
*v.*
Botsford.

</div>

<div align="center">

———◆———

</div>

<div align="center">

NICHOLS *against* HAYES.

</div>

In the action of slander, the plaintiff need not prove *all* the words set forth in the declaration, provided he proves enough to sustain his cause of action, and the words proved do not differ in sense from those alleged.

Where the declaration alleged, that the defendant uttered and published of and concerning the plaintiff these words : " He (meaning the plaintiff) has been guilty of forgery;"—" He (meaning the plaintiff) forged a receipt, (mean-

ing a receipt from the defendant to the plaintiff;")—" He (meaning the plain_
tiff) has altered a receipt;" it was held, that these allegations, without any
other prefatory averment or *colloquium,* were sufficient; as the two former
expressions import, of themselves, the commission of a crime, and their effect
is not impaired, by the latter expression.

Where the plaintiff exhibited in evidence a receipt, to which there was
a subscribing witness, who was produced in court, and the plaintiff's
counsel stated that he was not a competent witness, but they would examine
him if the defendant's counsel would not object to him on the ground of
incompetency; no reply being made to this, the plaintiff called other wit-
nesses to prove the signatures of the party and of the subscribing witness to
the receipt; and after the testimony in the cause had been closed and the
witnesses dismissed, the defendant claimed, that the receipt and the evidence
to prove its execution, should be excluded from the consideration of the jury;
it was held, that this claim came too late, the omission of the defendant to
make the objection, at the proper time, being, without satisfactory explana-
tion, a waiver of it.

Where the words alleged imputed forgery to the plaintiff; and a witness for the
plaintiff testified, that the defendant, speaking of the plaintiff and his brother,
said, " the *Nicholses* [the plaintiff and his brother] had forged ;" it was held,
that there was no variance; the charge that *A* committed forgery being
supported by proof that *A* and *B* committed it.

Where the plaintiff in an action of slander introduced several witnesses to prove
the speaking of the words alleged, whose testimony was permitted to go to
the jury, without objection from the defendant; and in the argument, the
defendant's counsel claimed, that this testimony was inadmissible and ought
not to be considered by the jury, because the words so proved were at vari-
ance with the words alleged, and some of them were not actionable; and
prayed the court so to instruct the jury; the court did not so instruct the jury,
but instructed them, that the plaintiff must prove the words substantially as
alleged, and that it was not sufficient to prove equivalent words of slander;
it was held, on a motion for a new trial by the defendant, that there was no
mis-direction.

Where the declaration in an action of slander contained four counts, the last of
which was for a malicious prosecution; the jury gave a verdict for the plain-
tiff on the first count, and for the defendant on the others; it was held, that
the plaintiff was entitled to recover only such costs as were incurred in the
trial of the issue on the first count; and that the defendant was entitled to his
costs incurred in the trial of the issue on the last count, although they were
incurred in part for testimony applicable as well to the first issue as to the last.

THIS was an action of slander.   The declaration contained
four counts.   The first alleged, that the plaintiff had always
sustained a fair character for honesty and integrity, and had
never been suspected of the crime of forgery; yet the defend-
ant, well knowing the premises, but wickedly and maliciously
intending to injure the plaintiff, and expose him to a prosecu-
tion for the crime of forgery, did, on the 1st day of *January,*
1838, at *Monroe,* in the presence and hearing of divers per-

*Fairfield,*
June, 1839.

Nichols
*v.*
Hayes.

sons, utter and publish of and concerning the plaintiff, the following false, scandalous and malicious words, *viz.* "He (meaning the plaintiff) has been guilty of forgery"—"He (meaning the plaintiff) forged a receipt," (meaning a receipt from the defendant to the plaintiff)—"He (meaning the plaintiff) has altered a receipt," (meaning the receipt last aforesaid.)

In the second count, the words charged were—"You are guilty of forgery"—"You forged my name to a receipt"—"You altered the date of a receipt."

In the third count, the words charged were—"That receipt is forged, and *Burton Nichols* had a hand in forging it. I can send him to state's prison. I will prevent his playing any more tricks." This count further alleged, that in consequence of the slander, the plaintiff was prosecuted for forgery before the county court, and acquitted; was detained two days in the custody of the officer, and was obliged to expend 150 dollars, and sustained damage to the amount of 100 dollars more in the loss of time and derangement of his business.

The fourth count was for a malicious prosecution against the plaintiff and *Hawley B. Nichols* for the forgery of a receipt, whereby the plaintiff sustained damage, which was specially alleged.

To each count the defendant pleaded *Not guilty*, with notice of special matter to be given in evidence.

The cause was tried at *Danbury, October* term, 1838, before *Huntington*, J.

On the trial, the defendant offered in evidence the receipt mentioned in the declaration, which was as follows: "Received, *Monroe, May* 20th, 1836, of *Burton J. Nichols*, one dollar, which is in full of all book accounts.     [Signed.]

  In presence of      *Asa Hayes*."
*Hawley B. Nichols.*

The plaintiff introduced testimony to prove, that the signature "*Asa Hayes*" to the receipt, was in the hand-writing of the defendant; and that the name "*Hawley B. Nichols*" on the receipt, was in the hand-writing of that person. He was present at the trial, and was called by the plaintiff, and sworn as a witness in the cause; after which the plaintiff's counsel stated to the court, that he was not a competent witness; (but the ground of his incompetency was not stated;) and that they wished to examine him, and would do so, if the defendant's

*Fairfield,*
June, 1839.

Nichols
*v.*
Hayes.

counsel would consent, and would not object to him on the ground of incompetency. To this no reply was made; and he was not examined.

The plaintiff offered *James U. Hawley* as a witness, who testified, that in *December,* 1837, or *January,* 1838, the defendant came into the house of the witness's father, and spoke of the court before *Charles Curtis,* Esq. and of said receipt, and said, that "the *Nicholses* had forged; and there would be no alternative for them, but to flee or go to *Newgate.*"

The plaintiff also offered *Sheldon Nichols* as a witness, who testified, that at the court referred to, after the present defendant was sworn as a witness, the present plaintiff produced said receipt, and the present defendant said, "it was forged" or "bad;"—that the impression of the witness was, he said, "it was *forged.*"

*Charles Curtis,* Esq. testified, that at that court, the receipt in question was produced by the present plaintiff, as evidence in the cause, and the present defendant, after being sworn as a witness, came forward and said, "it was bad; he never signed it; and he wished the witness to retain it."

The plaintiff also offered *Levi Edwards* and *Jeremiah Hubbell,* as witnesses, to prove, that after said trial, at a meeting of the defendant's neighbours and at which he was present, in conversation regarding the receipt and in answer to an enquiry made of him, he said "he did not sign the receipt;" and upon further enquiry of him how far he would go, if the plaintiff should be prosecuted, he replied, "he could go the whole figure."

The testimony was declared to be closed, by consent of parties; and the witnesses were dismissed. In the argument of the cause, the defendant's counsel insisted, and prayed the court to instruct the jury, that the testimony of *Sheldon Nichols, Charles Curtis, Levi Edwards* and *Jeremiah Hubbell,* ought not to be considered by them, and was not admissible for the purpose of proving the words charged in the declaration, on the ground that it was variant from the words so charged. The defendant's counsel further insisted, in the argument, that the testimony of *Sheldon Nichols* and *Charles Curtis* ought not to be considered by them, and was not admissible, on the ground that the words proved by them to have been spoken by

the defendant were not actionable, under the circumstances in which they were spoken.

The court omitted so to instruct the jury, but instructed them, that the plaintiff must prove the words set forth in his declaration substantially as alleged; and that it was not sufficient to prove equivalent words of slander.

The jury, at first, returned a general verdict for the plaintiff. The court being of opinion that they had mistaken the evidence, and had brought in a verdict contrary to it on all the counts, except the first, requested them to reconsider the case, remarking to them, among other things, that the court was of opinion from the evidence, that the plaintiff was entitled to a verdict on the first count and the defendant on the other counts: that in the opinion of the court, the testimony of *Sheldon Nichols, Charles Curtis, Levi Edwards* and *Jeremiah Hubbell* did not prove any charge of forgery to have been made against the plaintiff, by the defendant. The jury then returned a verdict for the plaintiff on the first count, and for the defendant on the other counts; which was accepted by the court.

The defendant afterwards claimed full costs on all the counts on which the verdict was in his favour. The plaintiff insisted, that the defendant was entitled to no other costs than such as accrued *exclusively* on those counts; and that, if the defendant had incurred no other costs in his defence against the counts upon which the verdict was for him, than such as were incurred in his defence against the first count, no costs could be taxed for him. The defendant again insisted, that if this claim was well founded, the plaintiff was entitled to no other costs than such as accrued *exclusively* on the first count.

The defendant moved in arrest of judgment and for a new trial; and the court reserved such motions and the question as to costs, for the consideration and advice of this court.

*Betts* and *Belden*, in support of the motions, contended, 1. That the first count in the declaration, on which alone the plaintiff obtained a verdict, was insufficient, and judgment ought to be arrested. To make the words actionable, they must import a charge of felony; and in determining their import, the whole conversation must be taken together. Here, it appears, that the forgery imputed to the plaintiff consisted *in*

*Fairfield,*
June, 1839.

Nichols
*v.*
Hayes.

*altering a receipt ;* and this, in contemplation of law, may not have been forgery ; for the *alteration* may not have been a felonious one ; and every *receipt* is not the subject of forgery—*e. g.* a receipt to make liquid blacking. The charge, as it stands upon the record, is *uncertain.* 1 *Com. Dig.* 390. (*Day's ed.*) *Smith* v. *Ward, Cro. Jac.* 674. No *colloquium* is averred respecting such an alteration as would be forgery, or such a receipt as might be the subject of that crime. *Hawkes* v. *Hawkey,* 8 *East,* 427. *Van Vechten* v. *Hopkins,* 5 *Johns. Rep.* 211. 220.

2. That the receipt was not admissible in evidence, without proof of its genuineness by the subscribing witness. He was not only living and within the jurisdiction of the court, but was present at the trial, and might have been examined. There was no waiver of legal proof ; nor were there any other facts sufficient to take the case out of the general rule. It was incumbent on the plaintiff to prove every thing necessary to make out his case ; and if he failed in this, he could not recover. *Manners, q.t.* v. *Postan,* 4 *Esp. Rep.* 239. *Sw. Ev.* 25, 6. 28. 1 *Saund. Pl. & Ev.* 425. 420. 1 *Phil. Ev.* 356, 7. 1 *Stark. Ev.* 332.

3. That the testimony of *James U. Hawley* was inadmissible, as it was at variance with the first count in the declaration. The words charged are, that *the plaintiff had forged.* The words proved by this witness, are, that the *Nicholses had forged—i. e.* the *Nicholses jointly. Stark. Sland.* 200. *Barnes* v. *Holloway,* 8 *Term Rep.* 150. *Johnston* v. *Tait,* 6 *Binn.* 121.

4. That the testimony of *Sheldon Nichols, Charles Curtis, Levi Edwards* and *Jeremiah Hubbell,* was still more exceptionable ; all of it being variant from the words charged in the first count, and some of it going to prove words not actionable at all.

5. That the defendant was entitled to full costs upon the counts upon which the verdict was for him. *Litchfield* v. *Farmington,* 7 *Conn. Rep.* 399.

*Bissell* and *Dutton,* contra, contended, 1. That the first count in the declaration was sufficient. The objection is twofold : first, that the words standing, as they do, without any prefatory averment, are not actionable ; and secondly, that

they are not shewn to apply to the plaintiff. In regard to the first objection, the rule is, that when the actionable quality of words is derived from explanatory circumstances extrinsic of the words, the connexion with those circumstances must appear. *Stark. Sland.* 289. 290, 1. *Drake* v. *Corderoy, Cro. Car.* 288. *Hawkes* v. *Hawkey,* 8 *East* 427. Thus, to say of a person *he has sworn false,* or *has taken a false oath,* without a *colloquium* of its being in a cause pending, is not actionable. *Vaughan* v. *Havens,* 8 *Johns. Rep.* 109. *Chapman* v. *Smith,* 13 *Johns. Rep.* 78. *Stafford* v. *Green,* 1 *Johns. Rep.* 505. *Ward* v. *Clark,* 2 *Johns. Rep.* 10. *Bullock* v. *Koon,* 9 *Cowen,* 30. But where the slanderous words or imputation can be collected from the words themselves, it is unnecessary to make any averment as to circumstances to whose supposed existence the words refer. Thus, a charge of *false swearing* is actionable where it necessarily conveys to the mind of the hearer an imputation of perjury. *Sherwood* v. *Chase,* 11 *Wend.* 38. *Gilman* v. *Lowell,* 8 *Wend.* 573. *Hopkins* v. *Beedle,* 1 *Caines* 347. *Gershom* v. *Ives,* 2 *Wend.* 594. *Alexander* v. *Alexander,* 9 *Wend.* 941. The rule is founded in the highest reason and good sense ; and is strictly applicable to the case before the court. The words, *ex vi terminorum,* import the commission of a crime ; and that without any reference to any extrinsic circumstances.

Secondly, the words being actionable, are they shewn to apply to the plaintiff? It is said, that no *colloquium* respecting the plaintiff is averred : that he (meaning the plaintiff) is not sufficient. No such averment is necessary. *Stark. Sland.* 283. 284. 286. 287. *Smith* v. *Ward, Cro. Jac.* 674. *Craft* v. *Boite,* 1 *Wms. Saund.* 242. *a.* n. (3.) It is averred, that the words were spoken *of and concerning the plaintiff;* and the jury have found, that they were so spoken. *Sayre* v. *Jewett,* 12 *Wend.* 135. This is the usual mode of declaring. *Amer. Prec. Dec.* 303. *&* seq.

2. That the defendant was not entitled to a new trial on account of the admission of the receipt. The subscribing witness was incompetent ; and the defendant's counsel did not consent to waive the objection to him. Secondary evidence was then given ; and it was not until the argument, that the evidence was objected to. Was it then competent to the de-

fendant to take the exception ?   The inconvenience of such a practice would be intolerable.

3. That the defendant was not entitled to a new trial because the court did not charge the jury as claimed by him in relation to the testimony of *James U. Hawley.*   The only exception to this testimony is, that there is a fatal variance between the words laid and the words thus proved ; or, in other words, that the evidence was not relevant to sustain any one count in the declaration.   The rule is, that the words proved must not vary *in sense* from those stated : it is enough that they be proved *substantially* as laid.   *2 Stark. Ev.* 846. *Stark. Sland.* 274. & seq.   *Byne* v. *Moore,* 5 *Taun.* 187. Here, the words laid and those proved are of the same import ; they charge the same crime ; they convey the same slanderous imputation.   It makes no difference here, that the plaintiff's brother was involved with him in the charge.   It is no less a slander on the plaintiff; and he may have his separate action.

4. That in regard to the testimony of *Sheldon Nichols, Charles Curtis, Levi Edwards* and *Jeremiah Hubbell,* the defendant has nothing to complain of.   The instructions finally given to the jury were in precise conformity to the claims of the defendant's counsel.   It is no objection that the same instructions were not given in the charge.   *Mix* v. *Woodward,* 12 *Conn. Rep.* 262.   *West* v. *Anderson,* 9 *Conn. Rep.* 107.

5. That the plaintiff is entitled to costs on the issue found for him to the same extent he would have been, if this had been the only issue tried ; and the defendant is entitled to the costs incurred exclusively in the defence of the count for a malicious prosecution.

Waite, J.   The plaintiff having obtained a verdict upon the first count in his declaration, the defendant moved in arrest of judgment upon the ground of the insufficiency of that count.   The words alleged to have been spoken are—" He has been guilty of forgery"—" He has forged a receipt"—" He has altered a receipt."   Here is manifestly a charge of forgery. A crime is imputed to the plaintiff.   The words—" He has been guilty of forgery"—" He has forged a receipt"—are clearly actionable.   The effect of those words is not at all impaired or weakened, by the subsequent words—" He has alter-

ed a receipt." There is no necessary connexion between them. The former words may have been proved, without any evidence of the speaking of the latter ; and enough would have been proved to enable the plaintiff to sustain his action. It is a settled rule, that in the action of slander, the plaintiff need not prove *all* the words set forth in the declaration, provided he proves enough to sustain his cause of action, and the words proved do not differ in sense from those alleged. *Maitland & al.* v. *Goldney & al.* 2 *East* 425. The motion in arrest, therefore, cannot prevail.

The defendant also claims a new trial, 1. Because the subscribing witness was not examined to prove the execution of the receipt. He was produced in court, and the plaintiff's counsel stated, that he was not a competent witness, but they would examine him, if the defendant's counsel would consent, and not object to him on the ground of incompetency. To this no reply was made, by the defendant's counsel. Other witnesses were called to prove the signatures of the defendant and subscribing witness. After the testimony had been closed, and the witnesses dismissed, the defendant claimed, that the receipt and the evidence to prove the execution should be excluded from the consideration of the jury. This claim certainly came too late. No reason was assigned for not making the objection at the proper time. It is not claimed, that the statement made by the plaintiff's counsel was not true, or that there was any surprise on the part of the defendant. Had such been the case, the court, in the exercise of its discretionary power, would have taken care that no injustice was done. From the silence of the defendant, when it was stated that the witness was incompetent to testify, it may fairly be inferred, that he acquiesced in the correctness of the statement. His omission to object to the testimony, when it was offered, and until all the witnesses were dismissed, amounts to a waiver of the objection, unless that omission is satisfactorily explained.

2. Because the testimony of *James U. Hawley* was not excluded, upon the ground of a variance between it and the declaration. He testified, that the defendant, speaking of the plaintiff and *Hawley B. Nichols*, said, that the " *Nicholses* had forged." This clearly imports a charge that each of them had been guilty of forgery. The charge that *A* has committed forgery, is supported by proof that *A* and *B* committed it.

HARVARD LAW SCHOOL LIBRARY

3. It is further claimed, that the testimony of several other witnesses ought to have been excluded upon the ground of variance. No objection was made to the admissibility of the testimony, at the time it was offered. It was received and permitted to go to the jury, without objection, by the defendant, until the argument. It was not then the duty of the court to decide upon the effect of each particular piece of testimony, but only to lay down general principles. This has been done. The jury were instructed, that the plaintiff must prove the words set forth in the declaration substantially as alleged; and that it was not sufficient to prove equivalent words of slander. The judge pursued the proper course in the charge. Had the defendant wished the opinion of the court as to the admissibility of testimony, it was his duty to make the objection, when it was received. It is not unusual, in our practice, for a party to say, at the time testimony is offered, that there is an objection to it, but he will take the objection in the argument. This clearly implies, that he would not have the right, unless by consent.

4. It is also claimed, that the testimony of *Sheldon Nichols* and *Charles Curtis* was not admissible, on the ground that the words were spoken by the defendant, as a witness in a court of justice, and were material to the issue then on trial; and that the court erred in not so instructing the jury. This claim of the defendant was also made too late. He had no right, in that stage of the trial, to call for the exclusion of that testimony. It had been received without objection on his part; and all he was entitled to, was, to claim of the court instructions as to the law applicable to such testimony.

A question has been made as to the costs to which the parties are entitled: and we think, that the plaintiff has a right to recover only such costs as were incurred in the trial of the issue joined upon the first count; and that the defendant is entitled to his costs upon that issue, where the cause of action is distinct from that in the first count, although they were incurred in part for testimony applicable as well to the first issue as to the other.

Our advice to the superior court, is, that the first count in the declaration is sufficient; and that no new trial be granted.

In this opinion the other Judges concurred, except SHER-
MAN, J., who gave no opinion, having been of counsel in the
cause.

<div align="center">Declaration sufficient ;</div>

<div align="center">New trial not to be granted.</div>