SIMPSON (BARR v.).   See Case No. 1,038.

## Case No. 12,880.

### SIMPSON v. CAULKINS.

[1 Abb. Adm. 539.] [2]

District Court, S. D. New York.   April, 1849.

ADMIRALTY—COSTS—CONSOLIDATED SUITS.

1. A libel was filed by each of two members of a ship's crew to recover damages for breach

[1] [Reprinted by permission.]
[2] [Reported by Abbott Brothers.]

of a shipping contract; and subsequently eleven other libels were sworn to by eleven other members of the crew, upon the same state of facts and upon the same cause of action. Before answer was filed to either of these libels, and before the eleven libels were filed, a stipulation was entered into that the thirteen causes should be consolidated. An answer, presenting two issues, was then put in, and the cause having been brought on for hearing, the libellants prevailed upon the first issue, but the respondent succeeded upon the second. Held, on appeal from taxation of costs, that the costs of the two separate libellants and of the respondent were to be taxed in both the two suits first commenced, up to the date of the consolidation; but from that date libellants' costs were to be taxed only in the suit which was thereafter prosecuted.

2. Full costs of the issue on which the libellants prevailed should be taxed in their favor, and full costs of the issue on which the respondent succeeded should be taxed to him. These two bills should be set off the one against the other, and the balance paid by the party from whom it might be due.

[Cited in American Box Mach. Co. v. Crosman, 57 Fed. 1030.]

This was a libel in personam, by Thomas Simpson against Daniel Caulkins, master of the ship Sabrina, to recover damages for breach of a shipping contract. Twelve other causes were instituted on the same facts and for the same cause of action, by Simpson's fellow sailors in the voyage on the Sabrina, and were consolidated with the present. The cause now came before the court on appeals taken by both parties, from the taxation of costs by the clerk. The facts on which the appeal was based are sufficiently stated in the opinion.

Alanson Nash, for libellants.

E. C. Benedict, for respondent.

BETTS, District Judge. On January 15, 1848, the libel of Thomas Simpson in this case, was sworn to by the libellant. It was filed on the 17th, and the warrant of arrest was issued thereon the 18th, and served during January. Peter Williams filed his libel on the 18th of January, and the process was issued the same day. Eleven others of the same crew attested to libels on the 17th, and the same were filed the 19th of January.

These libellants were all members of the crew of the ship Sabrina, of which the respondent was master. They all shipped at this port, sailed out together, made the same voyage, and returned and left the ship at the same time. On the 18th of January, by written consent of the respondent's proctors, the thirteen causes were consolidated, and on the 8th of February an answer to the consolidated actions was filed.

The libel in the case of Simpson is special, and sets forth the case attempted to be maintained on the hearing. The others are the general printed forms, claiming wages, as upon an ordinary shipping contract. The special libel will, therefore, be regarded as being the one which has been adopted by the consolidation.

The libel alleged a contract for a voyage

from New York to St. Johns, and thence to one or more ports in Europe and back to a port of discharge in the United States; averring that the voyage was only made to Nova Scotia and then directly back to New York, where the libellants were discharged by the master, without their consent and to their great damage. The libel charges that the current wages for the voyage run were higher than those they agreed to receive, and they were retained on wages only two months, whilst the voyage contracted for was one of eight months, whereby a deceit and fraud was practised upon them, and they were subjected to great loss and expenses. Each libellant demands $40 for such special damages.

The answer denies the contract set up by the libellants, and avers that, at the option of the ship-owners, they shipped for a voyage from New York to St. Johns, Nova Scotia, thence to Pictou, and back to New York; or from St. Johns to one or more ports in Europe, and back to a port of discharge in the United States, and signed shipping articles therefor; that the voyage to Nova Scotia and back only was performed; and that the ship not being able to put into Pictou because of obstructions of the harbor by ice, returned directly from St. Johns to New York. It also alleges a tender to the libellants, in full of their wages for the voyage, of various sums amounting in the whole to $146.45.

The case went to hearing upon these pleadings. Two issues were involved in it: (1) Whether the tender was full satisfaction of the wages for the voyage performed. (2) Whether the contract entered into was actually for a voyage to Europe, and whether the respondent violated the agreement, to the damage of the libellants.

The decision of the court upon the hearing on the report of the commissioners, was in favor of the libellants upon the first issue, and in favor of the respondent on the other. And it was decreed that the libellants recover the difference between their wages reported due, and the sum tendered, with costs, including the costs of the reference and on exceptions; and that the costs of litigating the claim for damages for not performing the alleged voyage to Europe, be taxed against the libellants; and that the respective costs thus created, be set off, the one against the other, the balance, if any, to be collected of the party against whom it might be found.

Under this decree the libellants made up and claimed costs in the suit instituted by Simpson, at $70.87½, at which sum the bill was taxed; and in the case of Peter Williams alone, to the sum of $148.75, and in the other eleven causes subsequently united by consolidation with the two others, to about the sum of $23 each. These eleven bills the clerk refused to tax. From that decision the libellants appeal; and the respondent appeals from the taxations made of the other two bills, both in respect to the items admitted therein, and upon the principle that only one bill could be made up and referred.

The respondent presents, also, thirteen distinct bills of costs, and claims to have taxed in his favor $11 in eleven of them, $14.50 in one, and $143.30 in another. The clerk taxed one bill at $14.50, one at $97.43, and refused to tax the other eleven bills. From these taxations both parties, also, appealed.

Two general questions arise under these appeals: First. Can either party legally claim more than a single bill of costs in the causes? Second. What rule of distribution is to be observed in allotting the successful parties their proper portion of costs created in the progress of the litigation?

1. If it may be supposed that thirteen distinct suits might in these cases have been carried through to final decrees, each carrying full costs, unless the court or parties interposed to unite them, it would still be a question always open to inquiry, at what time any particular one of the number was commenced, and must be deemed in prosecution; because where a particular service enures to the common benefit of other parties, compensation therefor may be allotted to the one first performing it, at his instance, because of the insufficiency of the fund to satisfy his entire demand, or upon the equity of the party condemned in costs, not to be burdened with a repetition of payments for a single service.

At common law an action is deemed commenced on the issuing of the capias. 5 Cow. 514. The Revised Statutes of New York, however, require the actual arrest of the defendant on it, or that the capias be issued in good faith with intent to arrest him. 2 Rev. St. p. 299, § 38.

In admiralty, causes are initiated by arrest of the thing (2 Leol. Jenkins, 775; 1 Hagg. Adm. 124) or of the person (Hall, Adm. tit. 1) proceeded against.

At the time these thirteen cases were consolidated, no more than two suits had been instituted. The filing of libels the day subsequent to the consolidation, could not confer on them the character of pending actions, before process was served or even awarded by the court.

The two cases of Simpson and Williams must, under the proceedings as placed before the court, be regarded as in prosecution, separately and rightfully, up to the stipulation to consolidate them. No doubt the court might be compelled, under the act of congress of July 23, 1813 (3 Stat. 19), to deny several costs, if there was evidence that the actions had been unnecessarily multiplied; but as the libellants had no authority to unite in a common cause, it will not be presumed that any improper motive led to the commencement of suits by each, especially as the respondent might have defences to them severally, distinct and independent of each other.

Although the causes might not be of a character to admit a direct consolidation, yet on a proper application, the court would always apply the relief familiar to the English courts and our own, prior to any statutory regulations on the subject, and by order, compel the stay of all causes but one, and that the residue abide the award of the contestation of that. Colem. Cas. 62; 1 Johns. Cas. 28; Tidd, Prac. 645. Only the taxable costs incurred up to the period of such order would be allowable, with, perhaps, the addition of such as might become necessary subsequently to secure the parties the benefit of the rule of consolidation.

Accordingly the costs of the two separate libellants, and of the respondent in those two actions, should be taxed up to the 18th of January, the time of the consolidation. After that period, only one suit is to be recognized, and a single bill of costs to be allowed to either party as against the opposite one.

2. The rule of costs prescribed to the state courts by the Revised Statutes, in case of variant judgments upon multifarious issues in the same case, is recommended, both by its high authority and the reasonableness of its provisions, and was adopted by both as proper to be applied in the allowance of costs to their respective parties: that is, that the one who succeeds on the essential merits in the case shall obtain full costs, although he fails on incidental branches of it. 2 Rev. St. 511, §§ 17–21. The courts have interpreted and applied those provisions in various instances, so as to secure costs to a party who prevails upon a distinct and material cause of action in a suit, although judgment on the whole cause may be in favor of his opponent. No limitation is made to special forms of action. It has effect in actions of ejectment, replevin, tort, contracts, dower, &c. 12 Wend. 285; 19 Wend. 626; 20 Wend. 666; 1 Hill, 359; 6 Hill. 265, 267, 268; 1 Denio, 661; 2 Denio, 188. Similar principles govern the practice of other state courts. Meacham v. Jones, 10 N. H. 126; Nichols v. Hayes, 13 Conn. 155. The purport of the decision denotes that in these duplicated allowances of costs, each party taxes full costs, throwing out only those items palpably appertaining to the bill of his adversary.

In the United States courts, costs are not matters positively appointed by law, but are allowed in the exercise of a sound discretion by the courts, conformably to the usages governing their proceedings. Canter v. American & O. Ins. Co., 3 Pet. [28 U. S.] 319; U. S. v. Mabel, 2 How. [43 U. S.] 237. The statutory directions under which the state courts act, accordingly impart no higher authority to regulate the subject, than is possessed by the United States tribunals under their general powers. The difference is only that in the one case the rule is stringent and imperative, and in the other obtains and is enforced only because of its reasonableness and adaptation to the rights of the parties, in so far as these objects may be subserved by means of costs.

In these cases it is accordingly ordered, that the libellants and respondent have taxed in their respective bills, the proper taxable items, both in the suits by Simpson and that by Williams, up to the time of the consolidation; and that thereafter only one bill of costs be taxed in favor of the libellants and one to the respondent, each party being allowed full costs, with the exception of those particulars shown to the satisfaction of the taxing officer to belong with the items allowable to the opposite party.

Order accordingly.

NOTE. The act of congress of February 26, 1853 (10 Stat. 161), appointed specific costs to the officers of courts, in causes of admiralty and maritime jurisdiction. The items of allowance are no longer left to the discretion of the courts, and that subject of litigation has ceased to pervade the discussion and decision of causes; still the leading principles controlling the disposition of those costs between litigant parties, have application and force under the existing law, and it was, therefore, thought proper to report the above case as one still possessing general interest.