### AMERICAN BOX MACH. CO. v. CROSMAN et al.

(Circuit Court, D. Massachusetts. October 6, 1893.)

#### No. 2,758.

COSTS—TAXATION—EQUITY.

Where a bill is sustained with costs against certain respondents, and dismissed with costs as against others, the latter are entitled, not only to have taxed the items special to their defense, but also to have apportioned in their favor the items which were of a joint character.

In Equity. Bill for specific performance of a contract. Appeal from the clerk's taxation of costs. Appeal allowed subject to correction.

W. A. Jenner, for complainant.
T. W. Clarke, for defendants.

PUTNAM, Circuit Judge. This is an appeal by respondents, Crosman and the Lynn Box Machine Company, from the clerk's taxation of costs. In this case the bill was sustained with costs against certain respondents, and dismissed as against the respondents above named, with costs in their favor. 57 Fed. Rep. 1021. The clerk's taxation gives complainant its entire costs without apportionment, disallowing only items which relate exclusively to the above-named respondents, and allows the latter such items as the clerk held to be special to their defense, but no portion of certain items which were of a joint character.

Theoretically, it would be correct to allow each party full costs, as was done in admiralty in Simpson v. Caulkins, Abb. Adm. 539; but the rule seemingly recognized in equity, as well as at law, appears to be that of an apportionment of all items not in their nature severable. This, however, if accepted, ought to be an apportionment of the entire case on each side, and not partial, limited to the costs of any one or more of the respondents. The rule may be found practically worked out in Heighington v. Grant, 1 Beav. 230, and in other cases cited in 1 Seton, Decrees, (4th Ed.) p. 129. Without, therefore, undertaking to decide which general rule of taxation is the proper one in equity, it is clear that the above-named respondents are at least entitled to have apportioned in their favor the joint items with reference to which they have appealed, and their appeal is allowed, proportions, nevertheless, to be corrected. As no appeal was taken by complainant, its objections to the allowance by the clerk of the whole of certain items, instead of a proportion, on the ground that all respondents united in their defense, need not be considered at length; but the rule seems to be that the judgment of the court dismissing the bill as to some operated as a severance.

Appeal allowed subject to correction of proportions