## HINES, Director General of Railroads, v. STRUTHERS FURNACE CO.

### (District Court, N. D. Ohio, E. D. November 12, 1920.)

### No. 10374.

Railroads ☞5½, New, vol. 6A Key-No. Series—Federal agent may sue on claim accruing to government during control.

Under Federal Control Act March 21, 1918, §§ 1, 8, 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a, 3115¾h, 3115¾l), and Transportation Act 1920, §§ 202, 206, 211, the new Director General, appointed pursuant to section 211 of the Transportation Act, is the proper party plaintiff in an action to recover a claim accruing to the United States or to the Director General during the period of federal control.

At Law. Action by Walker D. Hines, Director General of Railroads, against the Struthers Furnace Company. Motion to dismiss denied.

Harrington, De Ford, Heim & Huxley, of Youngstown, Ohio, for plaintiff.

Tolles, Hogsett, Ginn & Morley, of Cleveland, Ohio, for defendant.

WESTENHAVER, District Judge. The motion herein raises the question of whether or not, since March 1, 1920, an action to recover a claim accruing to the United States or to the Director General of Railroads during the period of federal control can now be prosecuted to judgment in the name of the Director General, appointed pursuant to section 211 of the Transportation Act 1920 (41 Stat. 469).

The Federal Control Act of March 21, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a–3115¾p), by section 1, provided in substance that any railway operating income accruing during the period of federal control in excess of just compensation to the railroad company owning the system of transportation, shall remain the property of the United States. Section 12 thereof provides in substance that moneys and other property derived from the operation of the carriers during federal control are declared to be the property of the United States. Section 8 thereof provided in substance that the President might execute any of the powers granted him with relation to federal control through such agencies as he might determine. A Director General of Railroads was appointed by him as the agent through whom all the powers conferred by that act were exercised. The practice adopted under that act was to bring and maintain actions in the name of the Director General either as plaintiff or defendant. No doubt was ever entertained or expressed that the revenues accruing from operation during federal control belonged to the United States or that liabilities in-

curred from operation by federal control were liabilities of the United States and not liabilities of the owners of the railway company. Some doubt exists and has been expressed as to whether or not under section 10 thereof, the action might not have been maintained or brought against the owner of the transportation company by its corporate name. The practice, however, was adopted, followed, and has been generally approved by the courts that the Director General was the proper party plaintiff and defendant either to bring actions or against whom actions might be brought.

Section 200 of the Transportation Act of 1920 terminates federal control at 12:01 a. m., March 1, 1920. Section 202 thereof, however, provides that, notwithstanding such termination of federal control, the President shall adjust, settle, liquidate, and wind up all matters, including compensation, and all questions and disputes of whatsoever nature, arising out of or incident to federal control. This section further provides in substance that all moneys derived from the operation of the carriers, or otherwise arising out of federal control, and all moneys that have been or may be received in payment of the indebtedness of any carrier to the United States, arising out of federal control, shall be and remain available until expended for the aforesaid purposes. By the Act of March 21, 1918, a revolving fund of $500,000,000 was provided to pay liabilities and compensation, and this fund has since been supplemented by additional appropriations, including an appropriation of $200,000,000 by said section 202.

Section 211 provides in substance that all powers and duties conferred or imposed upon the President by the preceding sections of the act, except the designation of the agent under section 206, may be executed by him through such agency or agencies as he may determine. Pursuant to this power, a new Director General has been appointed, clothed with all the powers and duties conferred or imposed upon the President under that act, except the powers and duties specially reserved by section 206. This last-named section provides for the appointment of a special agent to be known as Litigation Agent, against whom all actions at law, suits in equity, and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation of any system of transportation, shall be brought and prosecuted. Rights of action in favor of the United States or the Director General are not among those mentioned in section 206. As regards actions or suits to recover on causes of action accruing to the United States during the period of federal control, the situation remains precisely as it was under the Act of March 21, 1918.

The only question, it seems to me, which can be made, is whether or not the action should be in the name of the United States rather than in the name of the Director General. The practice adopted, followed, and universally approved under the Act of March 21, 1918, of bringing these actions in the name of or against the Director General, is equally proper in this new situation. Upon consideration of both acts, it seems to me that the Director General is now the proper party plaintiff.