## PHILADELPHIA & R. RY. CO. et al. v. LAUREL COAL MINING CO.

(District Court, E. D. Pennsylvania.   January 11, 1922.)

No. 7682.

1. Parties ⏘14—On demurrer for misjoinder of plaintiffs, the question to be determined is whether either or both have a remedial interest in the cause of action asserted.

   On demurrer for misjoinder of plaintiffs, the question to be determined is whether either or both plaintiffs have a remedial interest in the cause of action asserted.

2. Railroads ⏘5½, New, vol. 6A Key-No. Series—Federal agent proper party to sue on claim accruing to government during federal control.

   The effect of Federal Control Act, §§ 1, 12 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115¾a, 3115¾l), was to vest the railway operating income during federal control in the United States, so that, in suit on a claim accruing to the United States during such control, the Director General, appointed under Transportation Act 1920, § 211, is the proper party plaintiff, and the carrier, having no remedial interest, is improperly joined as a plaintiff.

At Law.   Action by the Philadelphia & Reading Railway Company and John Barton Payne, Director General and Agent for the Philadelphia & Reading Railway Company, against the Laurel Coal Mining Company.   On statutory demurrer for misjoinder of plaintiffs.   Statutory demurrer sustained, with leave to amend statement of claim.   Motion to strike off demurrer denied.

George Ellis and John F. Whalen, both of Pottsville, Pa., for plaintiffs.

A. S. Olmsted, Jr., and William A. Glasgow, Jr., both of Philadelphia, Pa., for defendant.

THOMPSON, District Judge.   This suit was brought in the court of common pleas of Schuylkill county, Pa., September 11, 1920.   The defendant procured a removal order to this court upon the ground of diversity of citizenship.   The principal ground of demurrer is the misjoinder of the parties plaintiff.

The suit is based upon the following allegations:   The defendant, during the period of federal control, made shipments of coal over the Philadelphia & Reading Railway from its colliery in Schuylkill county, Pa., consigned to a consignee at Port Reading, N. J.   An embargo had been placed on shipments of the sizes of coal consigned, and was in force when the shipment was made.   The plaintiffs requested other shipping instructions, and, not receiving them, the coal, after being weighed, was held by the plaintiffs, whereby demurrage charges accrued.   Demand was made upon the defendant for the freight charges, demurrage charges, and war tax thereon.   The charges not having been paid, the Director General of Railroads caused the coal to be sold for the charges.   The proceeds of the sale not being sufficient to pay the charges, this suit was brought for the difference between the proceeds of sale and the amount of the freight and demurrage charges, the war tax, and the costs of the sale.

⏘For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] Upon a demurrer for misjoinder of plaintiffs, the question to be determined is whether either or both plaintiffs have a remedial interest in the cause of action asserted. While the suit was brought after the termination of federal control, it is based upon a claim for moneys derived from operation of the carrier during such control.

The effect of sections 1 and 12 of the Federal Control Act of March 21, 1918 (Comp. St. Ann. Supp. 1919, §§ 3115¾a, 3115¾l), was to vest the railway operating income and moneys derived from operation of the carriers during federal control in the United States. Upon a claim accruing to the United States, the Director General, appointed pursuant to section 211 of the Transportation Act of February 25, 1920 (41 Stat. 469), is, under the practice followed and universally approved by the courts under the Federal Control Act of 1918, the proper party plaintiff, as is clearly demonstrated in the opinion of Judge Westenhaver, of the Northern District of Ohio, in the case of Hines v. Struthers Furnace Co. (D. C.) 271 Fed. 792, and without further discussion or comment I concur in Judge Westenhaver's ruling. The carrier, having no remedial interest, is improperly joined.

There is no recital in the statement of claim that John Barton Payne was, when suit was brought, the duly appointed Director General of Railroads, nor is it stated in what respect he sues as Agent for the Philadelphia & Reading Railway Company, so that the theory upon which he is designated as agent for the carrier in the caption does not appear.

The statutory demurrer is sustained, with leave to amend the statement of claim. The motion to strike off the demurrer is denied.