JAMES C. DAVIS, Director General, Appellant, v. CARNEY & McCOLGAN, Respondents.

Springfield Court of Appeals, May 8, 1922.

1. **RAILROADS: Director General Held Authorized to Sue.** The Director General of railroads *held* authorized to sue shipper on a cause of action which accrued while the railroad was under federal control under U. S. Comp. St. 1918, U. S. Comp. St. Supp. 1919, sec. 3115¾a et seq., in view of Transportation Act of 1920, secs. 202, 211, requiring the President to adjust, settle, liquidate, and wind up all matters and all questions and disputes arising out of, or incident to, federal control.

2. **COURTS: Director General's Action Against Shipper Held Properly Brought in State Court.** Where hogs shipped by one shipper to a commission company were delivered by the railroad to another commission company, to which other shipper had sent hogs because of errors in bill of lading, and where such other commission company sold the hogs and paid the proceeds to such other shipper, the Director General against whom damages were recovered by first shipper could bring action against other shipper to recover the amount paid by reason of the error, in a State court, and was not required to prosecute such action in the federal court under Judicial Code, sec. 256 (U. S. Comp. St., sec. 1233), enumerating causes in which the United States courts have exclusive jurisdiction.

Appeal from Stoddard County Circuit Court.—*Hon. W. S. C. Walker*, Judge.

REVERSED AND REMANDED.

*J. F. Green* and *J. C. Sheppard* for appellant.

(1) By virtue of the Federal Control Act, March 21, 1918, and Transportation Act, 1920, the plaintiff herein had authority to maintain this action. Hines, Director Gen. of R. R. v. Struthers Furnace Co., 271 Fed. 792; Clemons v. Payne, 105 S. E. 623 (Ga. App.); Davis, Dir. Gen., v. Wallace et al., 42 Sup. Ct. Rep. 164; Wallace v. Hines, 40 Sup. Ct. Rep. 435, 252 U. S. 66; In re Hibner Oil Co., Central Trust Co., of Ill., v. Hines, Director General, 264 Fed. 667; Phila. & R. Ry. Co. et al., v. Laurel Coal Mining Company, 276 Fed. 1019.

No brief for respondent.

BRADLEY, J.—Defendants as copartners on December 18, 1918, shipped from Dexter, Mo., over the Missouri Pacific, a carload of hogs consigned to Rafferty-Brown-Long Commission Co., National Stock Yards, East St. Louis, and to be sold by the commission company for defendants. On the same day Lee Williams & Co. shipped from Dexter over the same railroad a carload of hogs consigned to C. E. White & Co., National Stock

Yards, East St. Louis, to be sold by White & Co. for Williams & Co. There were some errors in billing. The hogs shipped by Williams & Co. were delivered to Rafferty-Brown-Long Commission Co. instead of to White & Co. Rafferty-Brown-Long Commision Co. sold the Williams & Co. hogs for $2685.66. Defendant's hogs were delivered to White & Co. and sold for $1496.38. Rafferty-Brown-Long Commission Co. turned the proceeds of the Williams & Co. hogs over to defendants, and White & Co. turned over the proceeds of defendants' hogs to Williams & Co. Defendants, by reason of the error, received $1189.28 more than they were entitled to, and Williams & Co. received $1189.28 less than they were entitled to. Williams & Co. sued the Director General and recovered the $1189.28. This suit is by the Director General to recover from defendants the amount paid by reason of the error.

The petition pleads the facts as stated. Defendants filed a motion in the nature of a demurrer to this effect: That plaintiff cannot recover (1) because it appears from the face of the petition that plaintiff has no legal capacity to prosecute the cause of action pleaded; (2) because plaintiff has no power in his official capacity to sue on the cause of action: (3) because the recovery sought would belong to the United States and not to plaintiff in his personal or official capacity; (4) because plaintiff has no authority under any Act of Congress or any Proclamation of the President to sue on any cause in favor of the United States, or in favor of any carrier either in his personal or official capacity. The court sustained this motion, and dismissed plaintiff's petition, and hence this appeal.

Plaintiff pleads in part as follows: "Comes now the plaintiff in the above entitled cause, and by leave of Court files this his amended petition, and states that on the 18th day of December, 1918, William G. McAdoo was Director General of Railroads of the United States, and as such had charge, control over and operating the Missouri Pacific Railroad; that afterwards Walker D. Hines suc-

ceeded the said William G. McAdoo, Director General of Railroads of the United States; that afterwards on the 14th day of May, A. D. 1920, the President of the United States appointed John Barton Payne, Director General of Railroads under the Federal Control Act, said appointment to take effect on May 18, 1920; that on the 8th day of March, 1921, James C. Davis was appointed Director General of Railroads to succeed John Barton Payne, and as such Director brings this suit.''

In their brief defendants state their proposition thus: (1) That the Director General has not been authorized to sue for the Government; (2) that if such authority has been given, the Director General, in this cause, has not sued *for* the Government; (3) that if the Director General has been authorized to sue for the Government, and has in fact sued for the Government, yet he cannot recover here because the state court has no jurisdiction where the United States is a party in interest in the absence of specific authority by Congress.

The two questions for decision are: (1) Has the Director General authority to prosecute this cause? (2) If so, can the cause be prosecuted in the state court?

(1) This cause of action accrued while the Missouri Pacific Railroad was under Federal Control by virtue of the Federal Control Act, March 21, 1918. [United States Comp. Stat., 1919 Supplement, sec. 3115¾A et seq.] The petition was filed January 21, 1920, and an amended petition filed May 16, 1921. Federal Control was terminated March 1, 1920, and the Transportation Act enacted. [Federal Statutes annotated, 1920 Supplement, p. 72 et seq.] If there is no authority in the Federal Control Act nor the Transportation Act for the Director General to prosecute a cause accruing to him or to the Government under the Federal Control, then the judgment below should be sustained. It is conceded that there is no specific authority in either Act for the Director General to prosecute this cause. In Hines, Director General, v. Struthers Furnace Co., 271 Fed. 792, it was held that the Director General was the proper party to bring actions

or against whom actions might be brought. There the court said: "A Director General of Railroads was appointed by him (the President) as the agent through whom all the powers conferred by that act were exercised. The practice adopted under that act was to bring and maintain actions in the name of the Director General either as plaintiff or defendant. No doubt was ever entertained or expressed that the revenues accruing from operation during federal control belonged to the United States or that liabilities incurred from operation by federal control were liabilities of the United States and not liabilities of the owners of the railway company. Some doubt exists and has been expressed as to whether or not under section 10 thereof, the action might not have been maintained or brought against the owner of the transportation company by its corporate name. The practice, however, was adopted, followed, and has been generally approved by the courts that the Director General was the proper party plaintiff and defendant either to bring actions or against whom actions might be brought." Further on in this opinion this language appears: "The only question, it seems to me, which can be made, is whether or not the action should be in the name of the United States rather than in the name of the Director General. The practice adopted, followed, and universally approved under the Act of March 21, 1918, of bringing these actions in the name of or against the Director General, is equally proper in this new situation. Upon consideration of both acts, it seems to me that the Director General is now the proper party plaintiff." The Struthers Furnace Case holds contrary to defendants' contentions on the right of the Director General to sue, and to sue in his own name. Clemons et al. v. Payne, Director General, 105 S. E. (Ga. App.) 623, was a suit by the Director General to recover freight charges. The Georgia Court of Appeals held that the Director General was the proper party plaintiff, using the following language: "The plaintiffs in error insist that the suits should have been brought in the name of the United

States, as the United States was operating the railroads at the time of the shipment. We do not think this position is sound. The allegations of the petitions as originally filed and as amended subsequently showed that the road in question was operated for the United States by the Director General of Railroads of the United States. This official, in our opinion, was the proper party plaintiff to bring the suits for the recovery of the freight in question." The two cases mentioned are the only ones we have been able to find ruling directly on the question in hand. We agree with the holding in those cases. Section 202 of the Transportation Act of 1920, Federal Statutes Ann., 1920 Supp., p. 74, provides that the President shall as soon as practicable after the termination of federal control adjust, settle, liquidate and wind up all matters and all questions and disputes of whatsoever nature arising out of or incident to federal control. By section 211 the President is authorized to perform the duties mentioned in section 202 through such agency or agencies as he may determine. The Director General and plaintiff in the present case is the agency designated by the President to perform the duties mentioned in section 202. If such agent cannot sue, then he cannot "adjust, settle, liquidate and wind up all matters, including compensation, and all questions and disputes of whatsoever nature, arising out of or incident to federal control." It is our conclusion that the Director General is the proper party plaintiff in the case at bar.

(2) Section 256 of the Judicial Code, section 1233, United States Compiled Statutes 1916, enumerates the causes in which jurisdiction of the United States Courts is exclusive. No such cause as here is enumerated. The judgment below should be reversed and cause remanded, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.