## JAMES C. DAVIS, DIRECTOR GENERAL OF RAILROADS, *vs.* THE NAUGATUCK VALLEY CRUCIBLE COMPANY.

Third Judicial District, Bridgeport, April Term, 1925.

WHEELER, C. J., BEACH, CURTIS, KEELER and MALTBIE, JS.

If a counterclaim constitutes an independent cause of action and is not a mere matter of recoupment, it is open to attack on the same grounds as if brought as a separate action.

An action cannot be maintained against the United States unless it waives its prerogative of sovereignty and permits itself to be sued; and then the action must be brought in precise accordance with the terms and conditions of the waiver and permission.

Section 206 of the Federal Transportation Act of 1920 provides in part that after the expiration of the period of Federal control of railways on March 1st, 1920, all actions arising out of such control "may be brought against an agent designated by the President for such purpose." The present action for freight charges was brought after March 1st, 1920, by a Director General of Railroads appointed under another section of the Act; and the defendant counterclaimed for alleged defaults in shipments occurring during the period of Federal control. *Held* that the counterclaim could not be maintained against this plaintiff, who was not the "agent" specified in the Act as the party to be sued.

Argued April 17th—decided July 30th, 1925.

ACTION to recover freight charges alleged to be due from the defendant, brought to the Court of Common Pleas in Fairfield County and tried to the court, *Walsh, J.;* judgment for the plaintiff for $260 upon the complaint, and for the defendant for $1,537 upon its counterclaim for damages for the alleged breach of the plaintiff's contract to transport and deliver certain crucibles, from which the plaintiff appealed. *Error; judgment to be entered for plaintiff on all issues.*

*Harry L. Filer,* with whom, on the brief, was *James W. Carpenter,* for the appellant (plaintiff).

*Joseph G. Shapiro,* with whom, on the brief, were *Harry Allison Goldstein* and *Charles S. Brody,* for the appellee (defendant).

CURTIS, J.   In December, 1917, the President of the United States under the law took possession and assumed control of all railroads in the United States, and continued in such possession and control until March 1st, 1920.   During such period certain shipments were made to the defendant at Shelton, Connecticut, as to which certain transportation charges remained unpaid at the beginning of this action, which, on the trial, the court found amounted to $260.72, and awarded the plaintiff such sum.   As to this award there was no appeal.

The plaintiff appeals from the award of $1,537.94 to the defendant on its counterclaim.

The plaintiff claimed, under the Transportation Act of 1920 (41 U. S. Stat. at Large, p. 456 *et seq.*), that when Federal control ceased, the Director General of Railroads appointed by the President under § 211 of the Act, was the proper party to bring actions to recover a claim accruing to the United States or to a Director General of Railroads during Federal control; and that the agent appointed by the President under § 206 of that Act was the proper party to be sued for defaults during the period of Federal control.

The counterclaim sets forth an independent cause of action (not a matter of recoupment) which might have been made the basis of a separate action by the defendant and is open to the same attack as if brought as a separate action.   *Alsop* v. *Nichols,* 9 Conn. 357; *Beecher* v. *Baldwin,* 55 Conn. 419, 12 Atl. 401.

The United States cannot be sued unless it has waived its prerogative of sovereignty and permitted itself to be sued, and in such case it may prescribe

the terms and conditions on which, and the time in which, suit may be brought. 26 Ruling Case Law, p. 1458 *et seq.*, § 63 *et seq.*

In *Davis* v. *O'Hara,* 266 U. S. 314, 317, 45 Sup. Ct. 104, it was said: "This is an action against the United States. The railroads were taken over and operated by it in its sovereign capacity, and it will not be held to have waived any sovereign right or privilege unless it has plainly done so. . . . Its immunity from suit was waived only to the extent indicated by the statute and orders of the Director General."

It was agreed by the parties that the counterclaim was to be deemed as brought on March 22d, 1921, after Federal control ceased.

The defaults in shipments, to which the counterclaim related, all occurred during Federal control. The defendant's bill of particulars and proof disclosed seven shipments in which the court found that goods were damaged or lost because of negligence. These shipments ranged from February, 1918, to October 17th, 1918.

The Act of Congress known as the Transportation Act of 1920 (approved February 28th, 1920), provided that Federal control should cease on March 1st, 1920. Section 202 of the Act provides that "the President shall, as soon as practicable after the termination of Federal control, adjust, settle, liquidate, and wind up all matters, including compensation, and all questions and disputes of whatsoever nature, arising out of or incident to Federal control. . . ."

Section 206, subdivision (a), provides that "actions at law, suits in equity and proceedings in admiralty, based on causes of action arising out of the possession, use, or operation by the President of the railroad or system of transportation of any carrier (under the provisions of the Federal Control Act, or the Act of

August 29th, 1916) of such character as prior to Federal control could have been brought against such carrier, may, after the termination of Federal control, be brought against an agent designated by the President for such purpose, which agent shall be designated by the President within thirty days after the passage of this Act. Such actions, suits, or proceedings may, within the periods of limitation now prescribed by State or Federal statutes but not later than two years from the date of the passage of this Act, be brought in any court which but for Federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

Section 206, subdivision (d), provides that "actions, suits, proceedings, and reparation claims, of the character above described pending at the termination of Federal control shall not abate by reason of such termination, but may be prosecuted to final judgment, substituting the agent designated by the President under subdivision (a)."

Section 206, subdivision (e), provides that "final judgments, decrees, and awards in actions, suits, proceedings, or reparation claims, of the character above described, rendered against the agent designated by the President under subdivision (a), shall be promptly paid out of the revolving fund created by section 210."

Section 211 provides that "all powers and duties conferred or imposed upon the President by the preceding sections of this Act, except the designation of the agent under section 206, may be designated by him through such agency or agencies as he may determine."

Under § 211, a Director General of Railroads was appointed. *Hines* v. *Struthers Furnace Co.,* 271 Fed. 792.

The action permitted under § 206 is the only form

of action under which the United States has waived its sovereign rights and permitted such an action to be brought against it. When the statute says that an action may be brought against an agent designated by the President, it means that it shall be so brought, and this is equivalent to saying that it must be brought in this way, since this is the only way in which it can be brought against the United States. There is no statute or order waiving the immunity of the United States from suit in such an action, other than as provided in § 206 of the Transportation Act of 1920. The authorities have construed this section of this Act in accordance with our holding, and support the claim of law as made by the plaintiff. *Hines* v. *Struthers Furnace Co.*, 271 Fed. 792; *Philadelphia & R. Ry. Co.* v. *Laurel Coal Mining Co.*, 276 Fed. 1019; *Davis* v. *Dawkins*, 209 Ala. 45, 95 So. 188; *Tutsch* v. *Director-General of Railroads*, 52 Cal. App. 650, 199 Pac. 861; *Louisville & N. R. Co.* v. *Shikle*, 206 Ala. 494, 90 So. 900; *Hines* v. *Jordan*, 228 S. W. (Texas) 633.

We therefore sustain the plaintiff's first reason of appeal, that "the court erred in ruling and holding that the defendant's counterclaim could be brought and maintained against the plaintiff."

There is error, and the cause is remanded for entry of judgment for the plaintiff on all issues.

In this opinion the other judges concurred.