THOMAS F. MORAN, JR. *v.* FRANK LEWIS.

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued February 6—decided March 8, 1945.

*Harry M. Albert,* with whom, on the brief, was *Michael V. Blansfield,* for the plaintiff in error.

*Michael A. Ciano,* for the defendant in error.

PER CURIAM. In an action brought to the City Court of Waterbury, judgment was entered for the plaintiff to recover against the defendant $111.75 and costs, and for the defendant to recover $10.50 and costs on his counterclaim. The clerk of the court taxed costs on the defendant's judgment in the amount of $12.50. The plaintiff appealed to the court from this taxation, the appeal was overruled, and the plaintiff brought this writ of error. The sole issue is whether the court erred in awarding costs to the defendant. No question is raised as to their amount.

The plaintiff's bill of particulars was principally for money loaned to the defendant or advanced for his account. The defendant filed an answer consisting of a general denial and four counterclaims based upon separate transactions. The third was for one day's labor in the amount of $10.50, and it was this counterclaim upon which the defendant prevailed. Costs go

to the prevailing party. General Statutes, § 2271; *Hatch* v. *Thompson*, 67 Conn. 74, 77, 34 Atl. 770. See also General Statutes, Sup. 1941, § 739f. In the present case the defendant's counterclaim is for a separate transaction. It is in substance an action wherein affirmative relief is sought by the defendant against the plaintiff. In effect it was an action brought by the defendant against the plaintiff. *Dwyer* v. *Redmond*, 100 Conn. 393, 397, 124 Atl. 7; *Davis* v. *Naugatuck Valley Crucible Co.*, 103 Conn. 36, 37, 130 Atl. 162. The defendant prevailed, for he received judgment upon his counterclaim.

The plaintiff relies on §§ 116, 221 and 223 of the Practice Book. We find nothing therein which is contrary to the conclusion we have reached. Section 221 directly supports it. It provides that "Whenever in any action there shall be two or more issues joined on material allegations, and a part of such issues shall be found for the defendant and the remainder for the plaintiff, the defendant shall recover such costs as were incurred by him upon the issues found in his favor, including fees of witnesses and the expense of summoning them. If several distinct claims be made under one count, and the plaintiff shall recover upon some and not upon others, he shall not recover costs incurred in attempting to support the claims which he shall fail to establish." This section was a part of the rules adopted in 1848 (18 Conn. 567), no doubt in codification of some earlier decisions. *Nichols* v. *Hayes*, 13 Conn. 155, 163, (1839); *Stoddard* v. *Mix*, 14 Conn. 11, 25 (1840). These were cases of distinct claims made by the plaintiff, on some of which he prevailed and some of which were found for the defendant. The rule has an even stronger application where the plaintiff prevails on the complaint and the defendant prevails on a counterclaim setting up matter

distinct from that presented by the complaint. Section 116 provides that no costs shall be taxed in favor of a defendant receiving judgment on a counterclaim or set-off, which accrued before the same was pleaded or filed. We assume that no part of the $12.50 item accrued before the filing of the counterclaim, since no contention that it did is made by the plaintiff.

The plaintiff relies also on *Tomasetti* v. *Kowalski*, 116 Conn. 371, 374, 164 Atl. 909. It is easily distinguished. The plaintiff there had judgment for the balance due him under an agreement. There was no recovery on a counterclaim for separate transactions, as in the present case.

There is no error.