JOHN J. LESCOE ET AL. v. HAROLD A. KINSTLER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, Js.

Argued October 11—decided December 13, 1949.

*John B. Harvey*, for the appellants (plaintiffs).

*Irwin I. Krug*, for the appellees (defendants).

MALTBIE, C. J. The plaintiffs sought an injunction against an obstruction by the defendants of a right of way. The defendants filed a "cross-complaint" seeking similar relief. The trial court found that the evidence failed to furnish a ground for relief for either party and rendered judgment for the defendants on the complaint and for the plaintiffs on the cross complaint. The judgment contained no direction as to costs. The clerk taxed them in favor of the defendants. The plaintiffs appealed to the trial court and it affirmed that taxation. In the appeal before us, the plaintiffs claim that they were entitled to costs. Section 7818 of the General Statutes provides: "In any case in which the defendant has either in law or in equity or in both a counterclaim, or right of set-off, against the plaintiff's demand, he may have the benefit of any such set-off or counterclaim by pleading the same as such in his answer, and demanding judgment accordingly. . . ." This statute is a copy of § 5 of the Practice Act of 1879. Public Acts, 1879, c. 83. Nowhere in that act, or·in its present successor, chapter 386 of the General Statutes,

is any method of pleading a cross demand mentioned other than by counterclaim or setoff, and the word "counterclaim" was intended to be the generic term for all cross demands other than setoffs, whether in law or in equity. The rules originally adopted under the Practice Act of 1879 contained this provision: "Counter-claims for equitable relief, of the nature of cross-bills in equity, may be pleaded by themselves, and may be known as *Cross-complaints.*" Practice Book, 1879, p. 18. This provision is still found in our rules. Practice Book § 113. It merely permits a pleading asserting a cross demand in equity to be pleaded under the designation "cross-complaint"; it does not take such a pleading outside the scope of the word "counterclaim" as that word was used in the Practice Act of 1879 and is used in its successor, chapter 386 of the General Statutes.

In the Practice Book of 1934 a section was inserted as follows: "When judgment shall be for the defendant on the complaint and for the plaintiff on a counter-claim, costs shall be taxed for the defendant as the prevailing party under Gen. Stat., § 2271 [Rev. 1949, § 3602], unless the court shall direct otherwise." Practice Book § 223. Every reason which supports this rule as regards counterclaims at law applies with equal force to pleadings in equity entitled cross complaints, and "counterclaim" was used with the meaning it had in the Practice Act of 1879 and its present successor. In the absence of a direction by the court, costs under the rule should be taxed for the defendants, whether the cross demand is called a counterclaim or a cross complaint.

In *Moran* v. *Lewis,* 131 Conn. 680, 41 A. 2d 905, relied upon by the plaintiffs, the judgment for the defendant upon a counterclaim contained a direction that costs should be taxed to him; an appeal was taken

to the trial court and was overruled; a writ of error was brought and error was assigned in both the judgment as to costs and the overruling of the appeal; we had no need to distinguish between the two in reaching the conclusion that the defendant was entitled to costs, since the question was whether the trial court should have directed that costs be taxed to him.

On this record we cannot hold that the trial court in rendering its judgment abused its discretion in leaving costs to be taxed under the rule.

There is no error.

In this opinion the other judges concurred.