[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendants, K S Development Co., Michael Bailey and Agnes Bailey, appeal from certain items of costs taxed in favor of the plaintiffs, Gerald D. Alexander and Linda A. Alexander. Specifically, the defendants claim that the clerk of the court should not have taxed costs for the $300.00 witness fee of Philip Ball or the $350.00 witness fee of Eric Anderson because the plaintiffs did not prevail on the claim as to which these witnesses testified.
The case, which concerns claims of faulty construction of a house, was tried by Attorney Trial Referee Thomas Keyes, who issued a report dividing the issues into three categories: "1) drainage, 2) driveway boundary; and 3) House painting." (Memorandum of Decision; 3/31/92, page 1).
CT Page 8930 It is undisputed that Mr. Ball, an appraiser, and Mr. Anderson, a surveyor, testified concerning the issue denominated "driveway boundary" by the Attorney Trial Referee, who found for the defendants on that issue. The court reviewed the Referee's memorandum and entered judgment in accordance with it, such that judgment was entered in favor of the defendants as to Counts 2, 3, 4, 5 and 6, in which the plaintiffs set forth the "driveway boundary" claim.
The clerk taxed costs on July 16, 1992, without affording an opportunity for the defendants to be heard on their objection, and the defendants promptly filed their appeal from the taxation of costs pursuant to 412 P.B. The plaintiffs raise no objection to the timeliness or other procedural adequacy of the objection, and the court concludes that, under the circumstances, the defendants have taken the first opportunity available to them to raise their objection.
Section 419 of the Connecticut Practice Book provides in relevant part as follows: "If several distinct claims shall be made under one count, and the plaintiff shall recover upon some and not upon others, he shall not recover costs incurred in attempting to support the claims which he failed to establish."
While the plaintiffs in the case before the court separated their claims into several counts, prevailing on the first and failing to prevail on the remaining counts, the clear import of the above provision is that a party cannot recover costs incurred as to a claim on which the party does not prevail. The plaintiffs urge that a contrary conclusion is suggested by the ruling in Moran v. Lewis, 131 Conn. 680 (1945). That case indicates that a defendant who prevails on a counterclaim may recover costs, 131 Conn. 681; and the Supreme Court noted in dicta that the rule as to costs had long been that a plaintiff who recovered as to some claims and not others could tax costs only as to those on which he had prevailed. Id.
Since the two witness fees at issue were incurred in pursuit of a boundary claim as to which the plaintiffs did not prevail, the fees were improperly taxed as costs in favor of the plaintiffs, and the defendants' appeal from the imposition of the two witness fees as costs is hereby sustained.
BEVERLY J. HODGSON Judge of the Superior Court CT Page 8931