ANTHONY TOMASETTI *vs.* ANDREW KOWALSKI ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS AND AVERY, Js.

Argued February 7th—decided March 14th, 1933.

*Lewis J. Somers,* for the appellant (defendant).

*Frederick S. Harris,* for the appellee (plaintiff).

BANKS, J. On or about March 3d, 1925, plaintiff and the defendant Andrew Kowalski entered into an agreement that the former was to furnish labor and material in the erection of a garage for the latter, to be paid for as the work progressed, and further agreed that Kowalski might charge against any sums so due from him the reasonable value of services rendered by him in the repair of automobiles owned by the plaintiff. Plaintiff brought suit upon the common counts, alleging that there was due him for labor and material furnished under the contract $3418.31.

In his answer the defendant set up certain payments made by check to the plaintiff and the rendition of

services in the repair of plaintiff's automobiles, and alleged that such payments and services more than paid whatever was due the plaintiff for building the garage, and by way of counterclaim sought to recover the amount due him for such services or such balance as might be due him over and above the plaintiff's claim. The court found that there was due the plaintiff for labor and material furnished $3410.71, less payments made by the defendant of $2450, leaving a balance of $960.71 against which the defendant was entitled to set off $750.44 for services rendered the plaintiff, leaving a balance due the latter of $210.27, for which amount, with interest and costs, the court rendered judgment in favor of the plaintiff.

The only questions upon this appeal arise out of the refusal of the trial court to credit the defendant with a payment of $200 claimed to have been made upon the plaintiff's bill, and its refusal to award the defendant costs upon his counterclaim.

The payments made to the plaintiff were made by checks drawn by the defendant Katherine Kowalski upon the Puritan Bank and Trust Company of Meriden, payable to the order of the plaintiff, and the plaintiff admitted having received payments made in that manner in sums aggregating $2450. He denied having received a check for $200 dated September 9th, 1925, for which the defendant claimed credit. The court found that a check for $200 signed by Katherine Kowalski dated September 9th, 1925, and payable to the order of the plaintiff, but with no endorsement on the back thereof, was presented at the Puritan Bank and Trust Company and honored by it; that the plaintiff had a checking account at that bank, and on his deposit slip of September 9th, 1925, there was listed a check for $200, and on the same day there was

charged to Katherine Kowalski's account a $200 item. In the absence of a finding of any facts which would tend to identify the $200 check upon the plaintiff's deposit slip of September 9th as other than the check of that amount and date drawn to his order by Katherine Kowalski and charged against her account on that day, the conclusion would seem irresistible that that check was received and deposited by the plaintiff on that day. The trial court reached the conclusion that this check was never delivered to the plaintiff, basing its conclusion apparently upon the fact that the check did not bear his endorsement. That conclusion could not reasonably and logically be drawn from the subordinate facts found. The only reasonable conclusion from those facts is that the plaintiff received and deposited in his bank account the $200 check drawn to his order by Katherine Kowalski on September 9th.

Under the agreement, the sums due the defendant for the repair of the plaintiff's automobile were to be applied in diminution of the amount due the plaintiff on account of the construction of the garage. The amount which the plaintiff would be entitled to recover upon the agreement sued upon would be only the excess of the latter amount over the former and the defendant would be entitled to recover on his counterclaim only in the event that the sums due him for automobile repairs added to the payments made exceeded the amount due for the erection of the garage. As this situation was not proved, the trial court was correct in giving judgment for the plaintiff upon all the issues and awarding him costs. The defendant did not prevail upon the counterclaim and was not entitled to costs upon it.

There is error and the cause is remanded to the City Court of Meriden with direction to enter judgment in

favor of the plaintiff corrected in accordance with this opinion.

In this opinion the other judges concurred.