[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: ATTORNEY'S FEES
This matter comes to this court on a hearing ordered by the Memorandum of Decision dated March 18, 2002. The court heard the arguments and has reviewed the law. The court finds that the plaintiffs attorney is not entitled to attorney's fees under § 52-249 of the Connecticut General Statutes. The parties, when they appeared before the court, did not have a dispute as to the amount of the fees, but rather whether or not they should be assessed under § 52-249. Section 52-249 is somewhat convoluted in this court's opinion. It is not easy to read this section to determine what is covered and what is not. The court has reviewed Judge Lewis' decision in Wright Brothers Builders, Inc. v. JosephDowling, et al, CV94 0136604 which was provided by counsel wherein Judge Lewis had before him the interpretation of § 52-249. Judge Lewis found that there is no statutory authority or other authority to award attorney's fees to a prevailing party in connection with an underlying breach of contract action. (The instant case was an underlying breach of contract action). Judge Lewis went on to find that attorney's fees are based on General Statutes § 52-249a and pertain exclusively to the foreclosure aspect of the action. CT Page 4115
The plaintiff has cited Secondino Son, Inc. v. Anthony Loricco, 19 App. 8 (1989). In that case the court awarded attorney's fees in the foreclosure of a lien. In that case, however, it is clear that there was no dispute as to the debt. In fact, the debt was established by an affidavit of debt. The court found that the amount was liquidated and therefore the affidavit of debt was proper. If that were the case in the instant matter, this court would also award a reasonable attorney's fees. Here, however, the debt was vigorously disputed and this court finds that there is no provision for attorney's fees in that circumstance.
The language of the statute does not provide that in every foreclosure of a lien attorney's fees are awarded. It says in Section 52-249:
 "Sec. 52-249. Costs and attorney's fees in actions for foreclosure and substitution of bond. (a) The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, when there has been a hearing as to the form of judgment or the limitation of time for redemption, shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact. The same costs and fees shall be recoverable as part of the judgment in any action upon a bond which has been substituted for a mechanic's lien."
This statutory language spells out the two circumstances wherein attorney's fees may be obtained and the underlying breach of contact action is not one. This court concurs with Judge Lewis. Accordingly, the attorney's fees are denied as not provided for by law.
 ___________________ KARAZIN, J.