## A & A MASON, LLC *v.* MONTAGNO CONSTRUCTION, INC., ET AL.

Superior Court, Judicial District of Hartford

File No. CV-01-0809850S

Memorandum filed May 10, 2005

*Charles Houlihan, Jr.*, and *A. Paul Spinella & Associates*, for the plaintiff.

*Gordon, Muir & Foley*, for the named defendant et al.

HON. ROBERT SATTER, JUDGE TRIAL REFEREE. By reason of this court having reserved the issue of attorney's fees in its opinion dated October 22, 2004, both parties now move for such fees. Montagno Construction, Inc., the named defendant, bases its claims on provisions of the contracts between the parties while the plaintiff, A & A Mason, LLC, bases its claim on General Statutes § 52-249, which authorizes counsel fees in actions for foreclosure of mechanic's liens or on a surety bond given in substitution for a mechanic's

lien. For the reasons stated subsequently, the court determines that neither party is entitled to counsel fees.

In the underlying action, the plaintiff, a subcontractor, sued the named defendant as contractor for the unpaid balances allegedly due the plaintiff on certain jobs in Rocky Hill and Bloomfield. Further, the plaintiff sought to foreclose the mechanic's liens filed against the subject properties. The named defendant substituted a surety bond for the mechanic's liens issued by the defendant United States Fidelity and Guaranty Company, and the plaintiff claimed against that bond. The named defendant interposed setoffs and counterclaims alleging that the plaintiff breached the underlying contracts.

The court heard extensive evidence on both the plaintiff's claim and the named defendant's counterclaim. The court subsequently rendered a decision on August 2, 2004, and reconsidered on October 22, 2004. In its decision, the court found that the contract price on the Rocky Hill job, supplemented by a single change order, amounted to $36,200, against which the named defendant had paid certain sums. The parties concurred regarding certain back charges, leaving a balance due to the plaintiff of $9341. The court further found that the defendant had proved additional back charges of $4170.25, resulting in a net amount due the plaintiff of $5170.75.

With respect to the Bloomfield job, the court found that the contract price was $125,000. Against the contract price, the named defendant had paid the suppliers, incurred expenses to complete the contract and was entitled to back charges totaling $123,633.46. This leaves $1366.54 as the net amount due the plaintiff. Based on these findings, the court rendered judgment in favor of the plaintiff in the amount of $6547.29.

## I
## THE NAMED DEFENDANT'S CLAIM FOR
## ATTORNEY'S FEES

The named defendant claims attorney's fees in the amount of $80,478.95 on the basis of two provisions of the contracts between itself and the plaintiff.

Article IV of the contract pertaining to the Rocky Hill job provides that if the subcontractor (plaintiff) fails to perform or is in default under the agreement, the general contractor (named defendant) shall have the right to retain any payments then due or thereafter to become due to compensate it for the loss or damages, including legal fees, sustained by reason of the named defendant's default.

Article XI of the contract pertaining to the Bloomfield job provides that in the case of termination of the employment of the plaintiff, the named defendant shall be entitled to damages resulting from the expenses incurred to complete the contract, including legal fees.

With respect to the Rocky Hill job, this court found that the amount owed to the named defendant exceeded the back charges claimed by it and that there was no offsetting balance. With respect to the Bloomfield job, the court also found that while the named defendant justifiably terminated the contract between the parties, the plaintiff was owed more than the amount of the named defendant's counterclaim.

Our Supreme Court noted in *Danbury* v. *Dana Investment Corp.*, 249 Conn. 1, 730 A.2d 1128 (1999): "It is elementary that, whether fees and costs are a matter of right or discretion, they ordinarily are awarded to the party that prevails in the case and until there is a prevailing party, they do not arise." Id., 18; see also *Alexander* v. *K&S Development Co.*, Superior Court, judicial district of New Haven, Docket No. 306092 (September 21, 1992) (7 C.S.C.R. 139) (*Hodgson, J.*). Our

Supreme Court held in *Moran* v. *Lewis,* 131 Conn. 680, 41 A.2d 905 (1945), that when a plaintiff prevailed on his complaint and the defendant prevailed on a counter-claim involving a separate transaction, and judgment was entered subsequently for the plaintiff on the com-plaint and for the defendant on the counterclaim, the court allowed the defendant costs as a prevailing party. When the plaintiff sued for the amount due under an agreement and the defendant counterclaimed against that same agreement for an amount due under it, how-ever, and when the court subsequently offset the defen-dant's counterclaim against the plaintiff's claim and rendered judgment in favor of the plaintiff on all the issues, the court held that "the defendant did not prevail upon the counterclaim and was not entitled to costs upon it." *Tomasetti* v. *Kowalski,* 116 Conn. 371, 374, 164 A. 909 (1933).

In the present case, the plaintiff's claims for the unpaid balances of the contract prices exceeded the defendant's counterclaims for defective work and, accordingly, judgment was rendered in favor of the plaintiff. Under such circumstances the named defen-dant is not a prevailing party and is not entitled to counsel fees.

Moreover, when a defendant seeks attorney's fees under contracts the defendant itself breached by not paying the plaintiff the sums due under the contracts, it is not entitled to attorney's fees. "A party cannot recover on a contract unless it has fully performed his obligations under it, has tendered performance, or has some legal excuse for not performing." *Ravitch* v. *Stoll-man Poultry Farms, Inc.,* 165 Conn. 135, 149, 328 A.2d 711 (1973); *Automobile Ins. Co.* v. *Model Family Laun-dries, Inc.,* 133 Conn. 433, 437, 52 A.2d 137 (1947); 17A Am. Jur. 2d 348, Contracts § 361 (2004).

## II

### THE PLAINTIFF'S CLAIM FOR ATTORNEY'S FEES

The plaintiff claims attorney's fees of $73,521.11 (corrected to $67,187.36) on the basis of § 52-249 (a). The present case involved an extended trial of the plaintiff's claim for the contract price on two separate jobs and the named defendant's counterclaim for deficiencies in the plaintiff's performance of the contracts. The plaintiff's action was on a surety bond substituted for the mechanic's lien.

The law in Connecticut is that "attorney's fees are not allowed to the prevailing party as an element of damage unless recovery is allowed by statute or contract." *A. Secondino & Son, Inc.* v. *LoRicco*, 19 Conn. App. 8, 15, 561 A.2d 142 (1989).

Section 52-249 (a) provides: "The plaintiff in any action of foreclosure of a mortgage or lien, upon obtaining judgment of foreclosure, *when there has been a hearing as to the form of judgment or the limitation of time for redemption,* shall be allowed the same costs, including a reasonable attorney's fee, as if there had been a hearing on an issue of fact. The same costs and fees shall be recoverable as part of the judgment in any action upon a bond which has been substituted for a mechanic's lien." (Emphasis added.)

Our Appellate Court found in *A. Secondino & Son, Inc.*, that the statute "succinctly and unambiguously provides for the allowance of attorney's fee in actions for foreclosure of mortgages or liens." *A. Secondino & Son, Inc.* v. *LoRicco*, supra, 19 Conn. App. 15–16. That court in *Original Grasso Construction Co.* v. *Shepherd*, 70 Conn. App. 404, 419, 799 A.2d 1083 (2002), later recognized, however, "that the plaintiff in a foreclosure action shall be allowed reasonable attorney's fees 'when there has been a hearing as to the form of judgment' during the foreclosure action." In that case, the trial court had denied attorney's fees, and the Appellate

Court remanded the case for the trial court to "determine whether a party is entitled to attorney's fees pursuant to § 52-249 that were incurred in the litigation of the underlying action." Id., 419.

Normally, attorney's fees are allowed in a mortgage foreclosure action because they are provided for in the mortgage note and deed, and reliance is not based on § 52-249. *Connecticut National Bank* v. *N.E. Owen II, Inc.*, 22 Conn. App. 468, 476, 578 A.2d 655 (1990). The reason is that § 52-249 (a) does not provide for a clear unrestricted right to attorney's fees, as in such statutes as General Statutes § 42-110g (d) in the Connecticut Unfair Trade Practices Act. As indicated previously, § 52-249 (a) allows for attorney's fees "when there has been a hearing as to the form of judgment or the limitation of time for redemption . . . ." General Statutes § 52-249 (a). The predecessor to § 52-249 was an act originally passed in the 1895 session of the legislature providing that in an action of foreclosure of any mortgage or lien "when there has been a hearing as to the form of judgment or the limitation of time for redemption, [the plaintiff in a foreclosure action] shall be allowed the same costs as if there had been a hearing on an issue of fact." Public Acts 1895, c. 165, § 1. The statute was amended in 1984 to provide for the allowance of a "reasonable attorney's fee." The House debate on the bill in the General Assembly indicated that "the amendment is designed to [e]nsure that 15 [percent] does not become the amount that is necessarily given but only that which is fair in any particular foreclosure action." 27 H.R. Proc., Pt. 9, 1984 Sess., p. 3125. In 1999, the statute was amended to provide that the same costs and fees shall be recoverable in a foreclosure of a mortgage or mechanic's lien as in an action on a bond that has been substituted for a mechanic's lien. Public Acts 1999, No. 99-153, § 8.

The legislative history sheds no light on the meaning of the phrase "hearing as to the form of judgment or

the limitation of time for redemption . . . ." General Statutes § 52-249 (a). This court infers that in a foreclosure action, the form of judgment relates to either a strict foreclosure, when the court sets a law day as to the time for redemption by the owner of the equity or subsequent lienors, or a foreclosure by sale when the court orders the property sold by committee and the proceeds of the sale are distributed among the mortgagee, subsequent lien owners and the owner, as determined by law.

There is no provision in the statute that attorney's fees are to be allowed for the trial of the underlying action. Three Superior Court cases considered the issue and decided that attorney's fees are not allowed in such actions. *Wright Bros. Builders, Inc.* v. *Dowling*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-94-0136604 (September 27, 1999) (*Lewis, J.*), held: "Moreover, there is no statutory or other authority to award attorney's fees to a prevailing party in connection with an underlying breach of contract action. Attorney's fees are based on . . . § 52-249 (a) and pertain exclusively to the foreclosure aspect of the action." See also *M.J.M. Landscaping, Inc.* v. *Lorent*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV-99-0174738 (April 4, 2002) (31 Conn. L. Rptr. 629) (*Karazin, J.*), in which the court noted that § 52-249 "spells out the two circumstances wherein attorney's fees may be obtained and the underlying breach of contract action is not one. . . . Accordingly, the attorney's fees are denied as not provided for by law." See also *Traina Enterprises, Inc.* v. *Manousos*, Superior Court, judicial district of Hartford, Docket No. CV-02-0812996S (August 11, 2003) (*Hon. Robert Satter*, judge trial referee).

The last sentence in § 52-249 (a), to the effect that the same costs and fees as in the foreclosure of a mortgage or lien shall be recoverable in an action on the bond that has been substituted for the mechanic's lien

is particularly inept because in an action on a bond there is no hearing as to the form of the judgment or the time for redemption. The legislature apparently added that language without an awareness of how it meshed with the rest of the statute. Although generally every word of the statute is assumed to have some meaning, this is an example of such poor draftsmanship that this court cannot give that sentence meaning.

The court starts its interpretation of a statute by first looking at the words of the statute itself. *State* v. *Courchesne*, 262 Conn. 537, 577, 816 A.2d 562 (2003). Section 52-249 plainly provides for attorney's fees in a foreclosure action when there has been a hearing as to the form of the judgment or the limitation of time for redemption. Before this court there was a protracted trial on the plaintiff's claims for the contract prices of the two jobs and on the named defendant's counterclaims of offsets against the contract price. There never was a hearing on the form of the judgment or the time of redemption and so the plaintiff is not entitled to attorney's fees under this statute.

### III

### CONCLUSION

Thus, the court determines that both the named defendant's motion for attorney's fees and the plaintiff's motion for attorney's fees are denied.