******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# WATSON REAL ESTATE, LLC *v.* WOODLAND RIDGE, LLC, ET AL.
## (AC 43006)

Cradle, Alexander and DiPentima, Js.

*Syllabus*

The plaintiff sought to recover damages from the defendants for, inter alia, breach of contract. The parties entered into an escrow agreement in conjunction with the purchase of a lot in a residential subdivision owned by the defendant W Co. The escrow agreement provided that, in the event of a dispute, all costs of litigation, including attorney's fees, shall be paid to the prevailing party. During trial, the parties agreed that the issue of attorney's fees should be reserved until after a decision on the merits of the complaint had been rendered. The trial court rendered judgment in favor of W Co., from which the plaintiff appealed to this court, which affirmed the trial court's judgment. While that appeal was pending, the trial court denied W Co.'s motion for attorney's fees. Following this court's release of its decision on the plaintiff's appeal, W Co. moved for judgment on its pending counterclaim seeking attorney's fees. The court denied W Co.'s motion for judgment and its motion for reargument and reconsideration, and W Co. appealed to this court. *Held* that the trial court failed to exercise its discretion with respect to W Co.'s claim for attorney's fees: the trial court summarily denied W Co.'s motion for attorney's fees and its motion for judgment on its counterclaim without explanation; in the court's subsequent articulation, it explained that it denied the motion for judgment because it had denied the motion for attorney's fees nearly two years earlier and W Co. had not filed an appeal, and the court's circular explanation for its denials of W Co.'s motions demonstrated that it failed to exercise its discretion; moreover, the parties' contract provided for attorney's fees for the prevailing party, and the court had a duty to exercise its discretion to determine whether W Co. had proven its claim for attorney's fees and whether those fees were reasonable, and, at no point, did the court indicate that it had considered the merits of the defendant's W Co.'s request; furthermore, W Co. properly moved for judgment on its pending counterclaim and timely appealed from the court's denial of that motion, and the lack of an appeal from the court's denial of W Co.'s motion for attorney's fees could not serve as the sole basis for not awarding attorney's fees.

Argued January 6—officially released October 5, 2021

*Procedural History*

Action to recover damages for, inter alia, breach of contract, and for other relief, brought to the Superior Court in the judicial district of Hartford, where the named defendant filed a counterclaim; thereafter, the matter was tried to the court, *Dubay, J.*; judgment in part for the named defendant, from which the plaintiff appealed to this court, *Alvord, Moll* and *Bear, Js.*, which affirmed the trial court's judgment; subsequently, the court, *Dubay, J.*, denied the named defendant's motion for attorney's fees; thereafter, the court denied the named defendant's motion for judgment on its counterclaim and its motion to reargue and for reconsideration, and the named defendant appealed to this court. *Reversed*; *further proceedings.*

*Mario R. Borelli*, for the appellant (named defendant).

*Jeffrey J. Mirman*, for the appellee (plaintiff).

*Opinion*

ALEXANDER, J. The present appeal originated from an escrow agreement entered into by the parties in conjunction with the purchase of a lot in a residential subdivision. In *Watson Real Estate, LLC* v. *Woodland Ridge, LLC*, 187 Conn. App. 282, 284–85, 202 A.3d 1033 (2019), this court affirmed the judgment of the trial court rendered in favor of the defendant Woodland Ridge, LLC.[1] Specifically, we rejected the claims of the plaintiff, Watson Real Estate, LLC, that the trial court (1) improperly failed to find that a meeting of minds existed between the parties as to the specifications of the common driveway that the defendant was required to install under the escrow agreement, (2) improperly failed to find that the defendant had breached the escrow agreement by not reimbursing the plaintiff for costs incurred for work that the defendant was required to complete and (3) abused its discretion in denying the plaintiff's request to amend its complaint to add a claim for unjust enrichment. Id.

Both prior to and following the plaintiff's appeal, the defendant sought attorney's fees pursuant to a prevailing party clause contained in the parties' agreement. The trial court denied the defendant's attempts to recover attorney's fees, and this appeal followed.

In this appeal, the defendant claims that (1) the trial court improperly denied its claim for attorney's fees, pursuant to a prevailing party clause in the parties' escrow agreement, and (2) it was entitled to appellate attorney's fees. We conclude that the court failed to exercise its discretion with respect to the defendant's request for attorney's fees. Accordingly, we reverse the judgment of the trial court and remand the case for further proceedings.

This court previously set forth the relevant facts and procedural history underlying the defendant's claim for attorney's fees. "The defendant was the owner and developer of a four lot residential subdivision located on the westerly side of Woodland Street in Glastonbury. The subdivision consists of two front lots abutting Woodland Street (lots 1 and 2) and two rear lots abutting the western boundaries of the front lots (lots 3 and 4). A common driveway providing ingress and egress to the subdivision runs west from Woodland Street past the entrances to lots 1 and 2 and terminates at the entrances to the rear lots.

"In May, 2006, H. Kirk Watson, a member of the plaintiff, entered into an agreement with the defendant for the purchase of lot 1. At the time of the execution of the purchase agreement, the common driveway had been paved only from Woodland Street to a point 118 feet before the entrance to lot 1; the remainder of the driveway, including the portion passing along the entrance to lot 1, remained unpaved. Consequently,

Watson, in his capacity as a member of the plaintiff, entered into an agreement with the defendant and Attorney Peter J. Alter to create an escrow fund from a portion of the defendant's proceeds from the sale of lot 1 to assure the defendant's completion of the common driveway and certain other improvements and construction that remained to be completed (escrow agreement). Under the escrow agreement, the defendant was to deposit with the escrow agent, Alter, the sum of $51,000, which represented a fair estimate of the cost of completion of the [w]ork.

"The particular items that remained to be completed were set forth in a punch list that was attached to the escrow agreement as exhibit A. Pursuant to exhibit A, the defendant was required to complete the common driveway to the point at which it becomes an individual driveway for each approved lot, but the defendant was not to put the final course of bituminous pavement on the common driveway until construction of all four houses [was] complete (as indicated by the issuance of a certificate of occupancy), or five (5) years from the date of [the escrow agreement], whichever shall first occur. The stated rationale for this delay was to avoid damage to the final pavement as may be caused by heavy construction vehicles using the driveway during home construction. As Watson later testified at trial, at the time he executed the escrow agreement, he believed that this language required the defendant to initially extend the existing layer of pavement along the remainder of the driveway and, then, at the appropriate time, install a second layer of pavement over the entire length of the driveway. Per exhibit A, the defendant was also required to install a common electric power service from which each lot could secure individual service.

"Because the parties recognized that the work needed to be completed before the plaintiff could secure a building permit and a certificate of occupancy, the escrow agreement provided for a procedure by which the plaintiff could contract with a third party to complete the work and seek reimbursement from Alter out of the escrow funds if the defendant failed to complete the work in a timely manner. Pursuant to this procedure, the plaintiff was to give written notice to the defendant that the plaintiff's construction project required that the work be completed within a reasonable time. If the defendant subsequently failed to complete the work within thirty days, the plaintiff was then authorized to contract for the completion of the work, and, upon [submission] of an invoice or contract for performance from a [third-party] contractor, [Alter] shall advance the funds from the escrow agreement to satisfy the invoice or contract provisions.

"Upon the closing of the transaction, Watson took title to the property in the name of the plaintiff and began developing the property. Between the time of

closing and the completion of the plaintiff's house, no additional paving of the common driveway was done. Watson was told by the town, however, that in order to obtain a certificate of occupancy, the paved portion of the common driveway needed to be extended to the entrance of the plaintiff's property. Consequently, in 2008, Watson contracted with a third party to pave this portion of the common driveway at a cost of $4914, which Watson paid. The remainder of the driveway, however, remained a dirt road. Watson also paid $530.70 to Megson & Heagle Civil Engineers & Land Surveyors, LLC (Megson & Heagle), to satisfy an unpaid bill incurred by Daniel Zak, an agent for the defendant, in connection with the preparation of a Connecticut Light and Power Company easement map (easement map) for the common driveway.

"Between 2008 and 2011, no additional paving was done on any portion of the common driveway. In September, 2011, Zak notified Alter that the defendant intended to complete all of the remaining work required under the escrow agreement. The defendant, thereafter, engaged R & J Paving, LLC (R & J Paving), to pave the final portion of the common driveway, from the entrance of the plaintiff's property to the entrances to lots 3 and 4. *The defendant did not, however, have a second, final layer of pavement installed, which Watson believed was required under the escrow agreement.* Upon receipt from Zak of the paving invoice, Alter released $9000 to R & J Paving and divided the remainder of the escrow funds between Zak and Leonard Bourbeau, a member of the defendant. The plaintiff was never reimbursed for the costs it expended in extending the common driveway to the entrance to its property and settling the invoice for the easement map. The plaintiff, however, had not submitted invoices for these expenditures to Alter as required under the escrow agreement.

"The plaintiff commenced the present action in March, 2013. In count two of the operative, revised complaint—the only count at issue in this appeal—the plaintiff alleged, inter alia, that the defendant breached the escrow agreement by improperly seeking the release of escrow funds. The plaintiff further alleged that, as a result, it sustained damages, including the costs to complete the work that the defendant had failed to perform. The matter was tried to the court on September 20 and 22, 2016.

"At trial, the plaintiff appeared to abandon its claim that the defendant improperly sought the release of the escrow funds. *The plaintiff, instead, proceeded under a theory that the defendant breached the escrow agreement by failing to install a second, final layer of pavement over the common driveway. The principal issue at trial was whether the defendant's obligation under the agreement to install a final course of bituminous*

*pavement was intended to require the defendant to apply two layers of pavement.* On this issue the parties presented contradictory evidence.

* * *

"In its memorandum of decision issued on January 10, 2017, *the court . . . determined that it could not find that there was a meeting of the minds as to the specifics of the common driveway and concluded that the plaintiff had failed to sustain its burden of proving its breach of contract claim.* The court, therefore, rendered judgment in favor of the defendant on count two of the plaintiff's revised complaint." (Footnotes omitted; emphasis altered; internal quotation marks omitted.) Id., 285–92.

In the prior appeal filed by the plaintiff, we first considered whether the trial court improperly found that a meeting of the minds between the parties had not occurred with respect to the number of layers of pavement to be applied to the common driveway. Id., 294. We rejected this claim. Id., 296–97. Next, we declined to review the plaintiff's claim that the defendant had breached the escrow agreement by not reimbursing the plaintiff for costs it had incurred on the basis that this claim had not been alleged in the operative complaint or asserted at trial. Id., 297–98. Finally, we concluded that the court had not abused its discretion in denying the plaintiff's request for leave to amend its revised complaint to add a claim of unjust enrichment. Id., 299–300.

With this summary in mind, we now turn to the facts relating to the defendant's claim for attorney's fees. In its revised complaint, the operative pleading, the plaintiff set forth nine counts against the various defendants. In its amended answer, dated November 23, 2015, the defendant set forth the following counterclaim: "The escrow agreement, exhibit A to the plaintiff's revised complaint, provides, in pertinent part, that in the event of a dispute between this defendant and the plaintiff, 'all costs of litigation, including reasonable [attorney's] fees, shall be paid to the prevailing party by the [nonprevailing] party.' Wherefore, the defendant . . . in the event that it is the prevailing [party] in this action, seeks its costs of litigation and reasonable attorney's fees." During trial, the parties represented to the court their agreement that the issue of attorney's fees should be reserved until after a decision on the merits of the complaint had been rendered.

On January 10, 2017, the court issued its memorandum of decision. At the outset, the court observed that only count two of the revised complaint, alleging breach of contract, remained pending against the defendant. With respect to this count, the plaintiff had alleged that the defendant breached the escrow agreement and its obligation to fully and completely pave the driveway

pursuant to specifications set forth in the purchase agreement. The court found that the plaintiff failed to meet its burden with respect to its claim of a breach of the escrow agreement and the specifics of the driveway set forth in the purchase agreement. The court further explained that there was no "meeting of the minds as to the specifics of the common driveway." The court then rendered judgment in favor of the defendant as to count two of the revised complaint.

On May 9, 2017, the defendant filed a motion for attorney's fees and an affidavit of attorney's fees and costs totaling $38,807.88. One week later, the plaintiff appealed from the judgment rendered in favor of the defendant on count two of the revised complaint. On May 19, 2017, the plaintiff filed an opposition to the motion for attorney's fees. The plaintiff argued that the court had not rendered a judgment on the defendant's counterclaim seeking attorney's fees and, in the alternative, it should deny any such fees in the exercise of its discretion. On June 28, 2017, the court issued an order denying the motion for attorney's fees.

This court released its decision on the plaintiff's appeal on January 22, 2019. *Watson Real Estate, LLC* v. *Woodland Ridge, LLC*, supra, 187 Conn. App. 282. On February 25, 2019, the defendant moved for judgment on its counterclaim seeking attorney's fees. The defendant also filed an updated affidavit for attorney's fees and costs that included work done for the appeal for a total claim of $45,857.88. On April 18, 2019, the plaintiff filed an opposition to the motion for judgment. It iterated some of its prior arguments as to why attorney's fees should not be awarded and added a claim that the prior denial constituted "the law of the case." The court denied both the defendant's motion for judgment on its counterclaim and its subsequent motion for reargument and reconsideration.

The defendant filed the present appeal on June 3, 2019. Nine days later, the defendant moved for an articulation of the trial court's 2019 denials of its motions for judgment on its counterclaim and for reargument and reconsideration. On July 11, 2019, the court granted the defendant's motion and stated: "[The motions for judgment and for reargument/reconsideration] were denied out of hand as the court had ruled on the defendant's request for attorney's fees nearly two years earlier. . . . [The] [m]atter went to judgment on January 17, 2018. The appeal period expired twenty-one days thereafter."

On July 19, 2019, the defendant moved for further articulation, requesting that the trial court explain why it was not entitled to attorney's fees incurred as a result of the plaintiff's appeal. On September 24, 2019, the court granted the defendant's motion and noted that, although the 2019 affidavit of attorney's fees included appellate work, "[n]either [the 2019 motion for judg-

ment nor the motion to reargue/for reconsideration] contain anything in the body of either filing that would give the trial court even a hint of a request for attorney's fees in connection with a successful defense of the appeal. The first time the court [was] made explicitly aware of the request [was] in this request for further articulation." This appeal followed. Additional facts will be set forth as necessary.

On appeal, the defendant claims that the court improperly denied its request for trial and appellate attorney's fees. Specifically, it contends that such an award was authorized by the prevailing party clause contained in the parties' escrow agreement, it was the prevailing party, and, therefore, the court improperly denied its request for attorney's fees. We conclude that the court improperly failed to exercise its discretion with respect to the defendant's claim for attorney's fees.

We begin with the relevant legal principles and our standard of review. This court has noted that, as a general matter, Connecticut follows the American rule[2] with regard to attorney's fees. See *Mangiante* v. *Niemiec*, 98 Conn. App. 567, 570, 910 A.2d 235 (2006). "[U]nder the American rule, [a party] ordinarily cannot recover attorney's fees for breach of contract in the absence of an express provision allowing recovery . . . ." (Footnote omitted; internal quotation marks omitted.) *Winakor* v. *Savalle*, 198 Conn. App. 792, 810–11, 234 A.3d 1122, cert. granted, 335 Conn. 958, 239 A.3d 319 (2020); see also *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, 308 Conn. 312, 326–27, 63 A.3d 896 (2013); *Neiditz* v. *Housing Authority*, 42 Conn. App. 409, 413, 679 A.2d 987 (1996).

"[W]here a contract provides for the payment of attorney's fees . . . those fees are recoverable solely as a contract right. . . . Therefore, the language of the [contract] governs the award of fees . . . . Such attorney's fees incurred language has been interpreted by our Supreme Court . . . as permitting recovery so long as that bill is not unreasonable upon its face and has not been shown to be unreasonable by countervailing evidence or by the exercise of the [court's] own expert judgment." (Internal quotation marks omitted.) *Florian* v. *Lenge*, 91 Conn. App. 268, 283, 880 A.2d 985 (2005); see also *Atlantic Mortgage & Investment Corp.* v. *Stephenson*, 86 Conn. App. 126, 134, 860 A.2d 751 (2004).

In reviewing a claim that attorney's fees are contractually authorized, "we apply the well established principle that [a] contract must be construed to effectuate the intent of the parties, which is determined from [its] language . . . interpreted in the light of the situation of the parties and the circumstances connected with the transaction." (Internal quotation marks omitted.) *Total Recycling Services of Connecticut, Inc.* v. *Connecticut Oil Recycling Services, LLC*, supra, 308 Conn.

327. The intent of the parties is a question of law subject to plenary review when the contract is unambiguous within its four corners. *FCM Group, Inc.* v. *Miller*, 300 Conn. 774, 811, 17 A.3d 40 (2011).

In the present case, the parties' escrow agreement provided that, in the event of a dispute, "all costs of litigation, *including reasonable* [*attorney's*] *fees, shall be paid to the prevailing party by the* [*nonprevailing*] *party*." (Emphasis added.) The parties do not dispute that the escrow agreement authorized payment of attorney's fees to the prevailing party. The question that remains, therefore, is whether the court properly denied the defendant's request for attorney's fees.

"An award of attorney's fees is not a matter of right. Whether any award is to be made and the amount thereof lie within the discretion of the trial court, which is in the best position to evaluate the particular circumstances of a case. . . . A court has few duties of a more delicate nature than that of fixing counsel fees. The issue grows even more delicate on appeal; we may not alter an award of attorney's fees unless the trial court has clearly abused its discretion, for the trial court is in the best position to evaluate the circumstances of each case. . . . Because the trial court is in the best position to evaluate the circumstances of each case, we will not substitute our opinion concerning counsel fees or alter an award of attorney's fees unless the trial court has clearly abused its discretion." (Internal quotation marks omitted.) *Francini* v. *Riggione*, 193 Conn. App. 321, 329–30, 219 A.3d 452 (2019); *WiFiLand, LLP* v. *Hudson*, 153 Conn. App. 87, 101–102, 100 A.3d 450 (2014).

"If a contractual provision allows for reasonable attorney's fees, [t]here are several general factors which may properly be considered in determining the amount to be allowed as reasonable compensation to an attorney. These factors are summarized in [rule 1.5 (a) of the Rules of Professional Conduct]. . . . [T]he commentary to rule 1.5 provides that the factors specified in the rule . . . are not exclusive and not all may be relevant given a particular instance." (Citation omitted; internal quotation marks omitted.) *Francini* v. *Riggione*, supra, 193 Conn. App. 330–31. "These factors include: the time and labor required; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the fee customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client; the experience, reputation and ability of the lawyer or lawyers performing the services, and whether the fee is fixed or contingent." *WiFiLand, LLP* v. *Hudson*, supra, 153 Conn. App. 103. Additionally, a court may rely on its own general knowledge of what occurred during the proceedings to provide evidence in support of an award of attorney's fees.

*Francini* v. *Riggione*, supra, 331.

Under the facts and circumstances of the present case, we conclude that the court did not exercise its discretion in ruling on the defendant's request for attorney's fees. "While it is normally true that [appellate courts] will refrain from interfering with a trial court's exercise of discretion . . . this presupposes that the trial court did in fact *exercise* its discretion. [D]iscretion imports something more than leeway in decision-making. . . . It means a legal discretion, to be *exercised* in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." (Emphasis in original; internal quotation marks omitted.) *Higgins* v. *Karp*, 243 Conn. 495, 504, 706 A.2d 1 (1998); see also *Meadowbrook Center, Inc.* v. *Buchman*, 328 Conn. 586, 609, 181 A.3d 550 (2018) (when trial court properly is called on to exercise its discretion, its failure to do so is error); *State* v. *Lee*, 229 Conn. 60, 73–74, 640 A.2d 553 (1994) (same).

Following the judgment rendered in favor of the defendant with respect to the plaintiff's breach of contract claim, the defendant moved for an award of attorney's fees in the amount of $38,807.88 on May 9, 2017. At that time, no judgment had been rendered on the defendant's counterclaim seeking attorney's fees. The court denied the defendant's motion without explanation on June 28, 2017. Thus, the defendant's counterclaim seeking attorney's fees remained pending until February, 2019.

After the resolution of the plaintiff's appeal, the defendant moved for judgment on its counterclaim seeking attorney's fees on February 25, 2019. The defendant updated its request to $45,857.88, to include work done for the appeal. The court, again, simply denied the defendant's motion for judgment on the counterclaim without explanation on April 23, 2019. It similarly denied the defendant's motion for reargument and reconsideration. In response to the defendant's motion for articulation, the court subsequently explained that it had denied the motion for judgment on the counterclaim and the motion for reargument and reconsideration "out of hand" due to the fact that it had denied the 2017 motion for attorney's fees nearly two years earlier and the defendant had not filed an appeal.

The court's circular explanation for its repeated denials of the defendant's efforts to obtain an award of attorney's fees demonstrates that it failed to exercise its discretion in conformity with the spirit of the law. The parties' contract specifically provided for attorney's fees for the prevailing party. See generally *A & A Mason, LLC* v. *Montagno Construction, Inc.*, 49 Conn. Supp. 405, 407, 889 A.2d 278 (2005) (it is elementary that, when authorized, fees and costs are ordinarily awarded to prevailing party). Furthermore, the defendant was a prevailing party following the judgment rendered in its

favor with respect to the plaintiff's breach of contract action. "Our Supreme Court has stated: [P]revailing party has been defined as [a] party in whose favor a judgment is rendered, regardless of the amount of damages awarded . . . ." (Internal quotation marks omitted.) *Giedrimiene* v. *Emmanuel*, 135 Conn. App. 27, 34–35, 40 A.3d 815, cert. denied, 305 Conn. 912, 45 A.3d 97 (2012); see also *Peterson* v. *McAndrew*, 160 Conn. App. 180, 210–11, 125 A.3d 241 (2015).

The trial court had a duty to exercise its discretion to determine whether the defendant had proven its claim seeking attorney's fees and whether those fees were reasonable. Here, the court simply denied the defendant's 2017 motion for attorney's fees and the 2019 motion of judgment on its counterclaim without any explanation, and later issued an articulation concluding that the defendant's motions for judgment and for reargument and reconsideration were untimely. At no point, however, did the court provide any indication that it had considered the merits of the requests for attorney's fees, despite the contractual language and the defendant's status as a prevailing party.[3]

We also disagree with the trial court's assessment that the defendant was required, under these facts and circumstances, to file an appeal in 2017, following the denial of its motion for attorney's fees. Our Supreme Court has held that a judgment rendered on the merits is final for the purposes of filing an appeal, even though the recoverability or amount of attorney's fees has not yet been determined. See *Paranteau* v. *DeVita*, 208 Conn. 515, 523, 544 A.2d 634 (1998); see also *Hylton* v. *Gunter*, 313 Conn. 472, 487, 97 A.3d 970 (2014). Our Supreme Court further recognized that this rule may lead to "piecemeal appeals for judgments on the merits and awards of attorney's fees." (Internal quotation marks omitted.) *Paranteau* v. *DeVita*, supra, 524. Thus, a separate question exists as to the timeliness of an appeal from an award of attorney's fees, a collateral and independent claim, as compared with a judgment rendered on the merits of the underlying action. See *Benvenuto* v. *Mahajan*, 245 Conn. 495, 500, 715 A.2d 743 (1998); see also *Neiditz* v. *Housing Authority*, supra, 42 Conn. App. 411–12 (request for attorney's fees is not motion to open, set aside, alter, or modify judgment but, rather, raises legal issues collateral to main cause of action). This court recently explained that, once the trial court determines the amount of attorney's fees, that determination "will be a separately appealable final judgment as to the reasonableness of the fees awarded." *Iino* v. *Spalter*, 192 Conn. App. 421, 457, 218 A.3d 152 (2019); see also *Paraneau* v. *DeVita*, supra, 524 n.11.

In the present case, the defendant filed a counterclaim seeking attorney's fees.[4] In its January 10, 2017 memorandum of decision, the court did not address or render judgment with respect to this counterclaim.

Following the resolution of the plaintiff's appeal on the merits of its action against the defendant, on February 25, 2019, the defendant moved for judgment on its counterclaim. On April 23, 2019, the court denied the defendant's motion for judgment on the counterclaim. The defendant filed the present appeal from the April 23, 2019 denial of its motion for judgment on the counterclaim and from the May 28, 2019 denial of its motion for reargument and reconsideration.

Under the unique facts of the present case, in which the trial court did not address the defendant's counterclaim seeking attorney's fees pursuant to a prevailing party clause in the parties' contract, and in which the plaintiff failed to challenge the propriety of such a pleading or properly challenge the timeliness of the present appeal, we conclude that the defendant was not foreclosed from challenging the denial of its claim for attorney's fees. The defendant properly moved for judgment on its pending counterclaim for attorney's fees in 2019 and timely appealed from the trial court's denial of that motion. Simply stated, we are not persuaded that the defendant was required to file an appeal following the 2017 denial of the motion for attorney's fees, given its unresolved counterclaim. The defendant timely appealed from the 2019 denial of its motion for judgment on the counterclaim, and the lack of an appeal in 2017 cannot serve as the sole basis for not awarding attorney's fees.

Finally, we briefly address the plaintiff's contention that the trial court had determined that no enforceable contract existed between the parties, and, therefore, there was no agreement regarding an award of attorney's fees to the prevailing party. We disagree with the premise of this argument. As we stated in our prior decision, "the [trial] court determined that it could not find that there was a meeting of the minds *as to the specifics of the common driveway* . . . ." (Emphasis added; internal quotation marks omitted.) *Watson Real Estate, LLC* v. *Woodland Ridge, LLC*, supra, 187 Conn. App. 292. This finding regarding the lack of a meeting of the minds applied only to the specifics of the work to be completed regarding the common driveway and not to the escrow agreement itself, which contained the prevailing party clause.

The judgment is reversed and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.

[1] The plaintiff also named Daniel Zak, Peter J. Alter, and Leonard Bourbeau as defendants, but these individuals did not participate in the trial court proceedings or the previous appeal. *Watson Real Estate, LLC* v. *Woodland Ridge, LLC*, supra, 187 Conn. App. 284 n.1. We, therefore, refer to Woodland Ridge, LLC, as the defendant.

[2] "The general rule of law known as the American rule is that attorney's fees and ordinary expenses and burdens of litigation are not allowed to the successful party absent a contractual or statutory exception." (Internal quotation marks omitted.) *Aurora Loan Services, LLC* v. *Hirsch*, 170 Conn. App. 439, 453 n.9, 154 A.3d 1009 (2017).

[3] We conclude, therefore, that the plaintiff's contentions in its appellate

brief that the court declined to award the defendant attorney's fees on the basis that it was unjustly enriched, or that the defendant failed to present sufficient evidence of the amount of reasonable attorney's fees, constitute nothing more than speculation, which, as we repeatedly have noted, has no place in appellate review. See, e.g., *Village Mortgage Co.* v. *Veneziano*, 203 Conn. App. 154, 171, 247 A.3d 588 (2021); *Bisson* v. *Wal-Mart Stores, Inc.*, 184 Conn. App. 619, 640, 195 A.3d 707 (2018).

[4] We note that the plaintiff never challenged the propriety of asserting a counterclaim to obtain attorney's fees through either a motion to strike, a motion to dismiss or a motion for summary judgment. See Practice Book §§ 10-30,10-39, and 17-49. We therefore expressly decline to consider whether the use of such a pleading is proper for the purpose of recovering attorney's fees. Furthermore, the plaintiff failed to file a motion to dismiss the defendant's appeal as untimely. See, e.g., *Meribear Productions, Inc.* v. *Frank*, 193 Conn. App. 598, 604–605, 219 A.3d 973 (2019) (although Appellate Court ordinarily dismisses late appeals that are subject of timely motion to dismiss, twenty day time limit for filing appeal is not subject matter jurisdictional).